JEROME v. WILLIAMS.

————◄•►————

## George Jerome v. John W. Williams.

*Certiorari will lie to review order of the Court allowing execution.* — Where a stay of execution before a Justice has been filed in the office of the County Clerk, and the Circuit Court, upon application of the judgment creditor, grants an order allowing an execution against the surety, a writ of certiorari will lie to review such order.

*Execution cannot issue after statute of limitation has run against the judgment.* — Where lapse of time since issuing an execution renders it necessary to apply to the court for leave, it cannot properly be granted where such delay has intervened that no action will lie on the judgment.

13 MICH. — 2H.

JEROME v. WILLIAMS.

One became surety for stay of execution under the statute of 1846; executions were subsequently issued by the Justice, which, being returned unsatisfied, some years afterwards, a transcript of the judgment was filed in the office of the County Clerk, and an execution issued upon it which was likewise returned unsatisfied. More than four years after the filing of said transcript, and when more than six years had intervened since the return of the last execution on the stay, the original stay was filed in the office of the County Clerk, and on the application of the judgment creditor, a new execution was ordered against the surety, as well as the judgment debtors; — *Held*, That such order, in so far as it allowed an execution against the surety, was erroneous.

*Heard October 21.   Decided October 24.*

Certiorari to Wayne Circuit.

The facts are stated in the opinion.

*Theodore Romeyn*, for plaintiff in error:

To the point that the plaintiff in error, Mr. Jerome, is discharged by the lapse of time, and under the statute of limitation.

1.  A Justice's Court is not a Court of Record, and, therefore no action lies on the judgment of such Court after six years. — 2 *Comp. Laws*, §5361.

2.  Execution cannot issue, in the Justice's Court after two years from the time of rendering judgment, or the return of a prior execution. — 2 *Comp. Laws*, §3805.

3.  The filing of a transcript in the Circuit Court gives a right to levy on real estate and extends the remedy.   But, it is respectfully submitted, the judgment actually rendered in the Justice's Court does not become a judgment rendered in the Circuit Court, because, for the sake of the remedy, a transcript has been filed, at least with the reference to the statute of limitation. — 2 *N. Y. R. S.*, 80, *p.* 248, §129, *p.* 296, §18; *Johnson .v. Burrell*, 2 *Hill*, 238; *Young v. Remer*, 4 *Barb.*, 442.

4.  Whatever may be the rule as to the judgment debtor, it is submitted that the surety in this case cannot be held to have had a judgment rendered against him in the Circuit Court.

The statute in force, when he became surety, did not make his undertaking equivalent to a present judgment against him.

Even if it had such effect, still the plaintiff saw fit to take his judgment in the Circuit Court against the principal debtor alone.

There certainly was no judgment rendered against the surety in the Circuit Court, until the securety signed by him was brought there.

And this was not done until years after the plaintiff had perfected the judgment against the principal in the latter Court.

5. The statute of limitations can be set up on a motion of this kind, or on *scire facias.* — 2 *Hill*, 234 4 *McLean*, 352.

*Walker & Kent*, for defendant in error:

To the point that the remedy on the judgment against the surety was not barred by the statute of limitations.

On filing the transcript, the judgment became one of the Circuit Court, as against the principal defendants at least. — *Comp. Laws*, §3788; *Jewett v. Bennett*, 3 *Mich.*, 198; *Waltermire v. Westover*, 14 *N. Y.*, 16.

A judgment of the Circuit Court is presumed paid after ten years from its entry. — *Compiled Laws*, §5384.

But if proceedings have been commenced, to issue execution, before this period has elapsed, the expiration of the time pending the proceedings is no bar. — *Driggs v. Williams*, 15 *Abbott Pr.*, 477.

And the statutory presumption of payment may be rebutted. — *Cowen and Hill's Notes*, *Part* 1, *p.* 324; *Joy v. Adams*, 26 *Me.*, 330; *Redington v. Julian*, 2 *Ind.*, 224.

There are in the case at bar affidavits showing that the judgment is not paid. If any statutory presumption

of payment might otherwise arise, this must be sufficient to rebut it.

The judgment can be enforced, then, against the principal defendants.

The stay is security for the judgment; it is collateral thereto, and, unless for some special reason, it will last as long as the judgment.

It will be said that it is outlawed, because not filed in the Circuit for more than six years.

If so, it must be because of some statutory provision. There is none which by express words or reasonable implication means any such thing.

It is well settled that the statute of limitations does not take away the right of the creditor, it only bars him from remedy by action. — *Parsons on contracts, vol.* 2, *p.* 379.

The remedy by execution is not barred because there may be no right of action. — *Waltermore v. Westover,* 14 *N. Y.,* 16.

CAMPBELL J.:

Jerome, on the 10th of March, 1855, signed an instrument to operate as stay of execution on a judgment by confession, entered the same day, in favor of Williams against O. M. Hyde and J. L. Conger. Successive executions were returned unsatisfied before the Justice, who, on June 20th, 1860, certified a transcript of the judgment, which was filed in the County Clerk's office. The stay of execution was not then filed, and an execution was issued by the Clerk on the transcript against all parties, and returned unsatisfied September 6, 1860. Subsequently, but when, does not appear, except that it was between September 12th, 1864, and February 15th, 1865, the original stay appears on file in the Clerk's office, with an endorsement, "filed as of June 23, 1860, by order of the Court. Henry Starkey, Deputy Clerk."

February 15, 1865, upon application of the judgment creditor, a new execution was ordered against the stay as well as the judgment debtors, and Jerome, thereupon, brought certiorari to review the order.

It was suggested that a certiorari would not lie on such an order, but that being the decision of a common law Court, it can only be reviewed on error. The proceeding, however, is a summary proceeding not in common law form, and may be had at chambers as well as in Court. We think there is no ground for the objection.

It is claimed in behalf of Jerome that this stay never was lawfully in the Clerk's office, and also that after this lapse of time any proceeding upon it is barred.

The statute providing for filing transcripts requires the Justice to give to the plaintiff a certified copy of the proceedings, "together with the original security for stay of execution. — 2 *C. L.*, §3786. The Clerk is required, upon receiving an affidavit of the amount due, to file the "transcript and security," and to "enter and docket the judgment." "Such *judgment* shall have the same effect as a judgment rendered in the Circuit or District Court, and may, in the same manner, be enforced, discharged, and cancelled; and execution may be issued thereon against *both the surety and the person against whom the judgment was rendered, or either of them,* in the same manner as if execution were to be issued by the Justice." — 2 *C. L.* §3787 – 8.

There was not, under the statutes of 1846, which were in force when this stay was filed, any provision requiring any judgment to be entered on a stay. Execution might be issued on it, but it was not in any way made to assume the form of a judgment entry, and when sent up it was not a part of the transcript, but was filed as a separate document. While these statutes were in force, it was held to be so far distinct that the

judgment might be sued separately, when the stay had not even matured. — *McDonald v. Butler*, 3 *Mich. R.* 558. — And under the present statutes just referred to, an execution may be on the judgment, or on the security, or on both. — §3788.

It is worthy of some consideration whether a party who files a transcript only, and proceeds on that, can subsequently file the stay. Such a question cannot easily arise under our present laws, which declare expressly that the entry of stay shall have the effect of judgment, so that the transcript will always include this. — 2 *C. L.*, §3804. — But if it be not a judgment, then there is no law which undertakes to vary its effect from what it was in the Justice's Court, except so far as a Circuit Court execution reaches property not reached by an execution from the inferior Court.

The case then presents this position: It appears that until September 12, 1864, and how much later is uncertain, the stay had lain dormant. No suit had been brought upon it, and more than six years had elapsed since the last execution on it had been returned unsatisfied. There can be no question but that it was barred by the statute of limitations, so that no action would lie upon it, being a simple writing. — 2 *C. L.*, §5361. — Had it been an ordinary Justice's judgment it would have been barred by the same section. This proceeding to renew an execution is, in effect, so far as this stay is concerned, an attempt to establish a claim which could not be sued upon because barred by time. This summary proceeding is a substitute for a *scire facias*, and does not differ in its nature from a formal action. The *scire facias*, in personal actions, was only a substitute itself for an action upon judgment. — 2 *Inst.*, 469. — We think, therefore, that where the delay in issuing execution has rendered it necessary to apply for leave, the Court can not properly grant it where such

delay has intervened that no action would lie. It is not necessary for us to decide how far the nature of a Justice's judgment is affected by filing a transcript, so as to change the statutory limitation, as the case comes up on the stay only, which is clearly barred.

The order of the Court below, in so far as it allows an execution against Jerome, must be quashed with costs.

COOLEY and CHRISTIANCY JJ. concurred.

MARTIN Ch. J. did not sit in this case.