THE PEOPLE EX REL. PHILO PARSONS V. THE CIRCUIT JUDGE FOR WAYNE COUNTY.

*Execution Barred by Lapse of Time—Construction of Statutes—Retrospective Statutes of Limitation.*

Execution cannot issue upon a judgment upon which action is barred by lapse of time.

The Michigan statute permitting executions to issue indefinitely, (Comp. L. 1857, § 4442; Comp. L. 1871, § 6079) is by implication modified by Act 89 of 1869, barring actions on judgments ten years after their entry.

Rules of statutory construction must aim to reach the legislative intent, and not defeat it where it is manifest.

The rule that an amended statute is to be understood as if it had read from the beginning as amended, must not be so applied as to defeat the plain intent of the Legislature in amending it. So *held* where an amendment adopted 22 years after the statute was passed, provided that actions on judgments "heretofore rendered" should be barred in ten years after entry thereof. It would be absurd to confine this provision to judgments rendered before the passage of the original act.

Act 89 of 1869 requiring actions on judgments to be instituted within ten years from their entry, could be applied to causes of action already existing, because it expressly fixed the period of limitation.

Distinguished from *Ludwig v. Stewart*, 32 Mich., 27, where the statute (Act 227 of 1863) left the court to fix the date of limitation.

MANDAMUS to vacate an order setting aside a *pluries*

writ of execution.    The facts are in the opinion.    Submitted June 19.·    Decided October 9.

*Moore, Canfield & Warner* for the writ.

*Ward & Palmer* against.

COOLEY, C. J.    It appears in this case that the relator obtained a judgment against Mark Flanigan and Edward Chope April 21, 1866, on a return of process personally served; that he took out execution August 1, 1873, an *alias* April 24, 1876, and a *pluries* May 27, 1876, and that the *pluries* writ was set aside by the circuit court on an affidavit of Chope showing that it was issued more than ten years from the entry of judgment, and affirming that he was never served with process.    Mandamus is applied for to compel the circuit court to vacate the order setting aside this writ.

The ground principally relied upon in support of the order is that, as the remedy by suit on the judgment was barred when the writ was taken out, so by analogy the remedy by execution was gone also.    *Jerome v. Williams,* 13 Mich., 521.    The conclusion here depends upon the proposition that the remedy by suit had been taken away before the *pluries* ·writ was sued out, which is not conceded by the relator.

The statute in force when the judgment was recovered did not name a time the lapse of which should be an absolute bar to suit upon a judgment, but it provided that the judgment should "be presumed to be paid and satisfied at the expiration of ten years," after it was entered.    Comp. L. 1857, § 5384.    Another section of the statute provided for the issue of execution without any limitation of time, and that "successive or *alias* executions may be issued one after another, upon the return of any execution unsatisfied in whole or in part, for the amount remaining unpaid upon any such judgment."    Ibid., § 4442.    While these provisions remained unchanged, there is reason for saying that an execution might be taken out notwithstanding the lapse of ten years, and that the court would not be justified in

setting it aside without some showing of actual payment. In other words, that while the presumption of payment might protect the defendant as against any suit upon the judgment until there was some showing that payment had not been made, yet that when the defendant invoked the assistance of the court in an affirmative proceeding instituted by himself, some showing of the fact of payment, which must be supposed within his knowledge, might properly be required of him.

The statute, however, was changed in 1869, and § 5384 was made to read as follows: "Every action upon a judgment or decree heretofore· rendered or hereafter to be rendered, in a court of record of the United States or of this State, or of any other State of the United States, shall be brought within ten years after the entry of the judgment or decree, and not afterwards: *Provided,* that in all cases of judgments or decrees entered nine years or more before this act shall take effect, one year from the time when this act shall take effect shall be allowed for the commencement of an action or proceeding upon such judgment or decree, to revive the same: *Provided further,* that no judgment or decree shall be revived, an action to recover or enforce which is now legally barred."

This amendment took effect July 5, 1869. By its terms it applied expressly to judgments previously rendered, and if applied to this particular judgment, would have allowed some six years and nine months within which to bring suit. No question can be made but that this would be a reasonable time, or might be considered so, and as a time was expressly fixed the expiration of which without suit was to bar the right of action, the amended section does not fall within the decision in *Ludwig v. Stewart,* 32 Mich., 27, in which it was held that an amendment to the statute of limitations could not be applied to existing causes of action where the effect would be to leave the time for the commencement of suits uncertain, so that the court would be under the necessity of determining what cases could be held barred under it; in other words, of fixing according to its own judgment a reasonable time, the lapse of which should bar the action.

37 MICH.—37.

The principle of that decision was, that the determination what is a reasonable time within which to bring suit is matter of legislation, and cannot be treated as a judicial question. This amendment names one year as the reasonable time for those cases in which the lapse of time has been longest; allowing sufficient in all other cases to make the whole period ten years.    We have no doubt this was competent.

It is further urged that, as a rule of construction, a statute amended is to be understood in the same sense exactly as if it had read from the beginning as it does as amended.    This is true as a rule.    *Conrad v. Nall*, 24 Mich., 277.    But such a rule of construction cannot be applied when the effect would be to defeat the manifest intent of the legislature in adopting the amendment.  And such would be the effect in this case.    The statute which was amended took effect March 1, 1847.    Now, to make an amendment adopted in 1869, and which speaks of judgments previously rendered, apply to those only which were rendered previous to March 1, 1847, when the amendment itself contemplates that some of the judgments will have some portion of ten years from the time of their rendition within which to bring suit, is a manifest absurdity.    The court putting such a construction upon the amendment would know the intent of the legislature was being defeated thereby. No court is justified in doing that.  Rules of construction of statutes must aim at reaching the legislative intent, and must not defeat it where it is manifest.

These views, in our opinion, bring the case within the principle of *Jerome v. Williams*, *supra*, where the court refused to order an execution after an action on the judgment had been barred.    The mandamus must therefore be denied.

It is suggested that the terms of the statutes awarding executions are such that one may of right take out an execution at any time; but the provisions on that subject were previous to the act of 1869, and so far as they are inconsistent with these views, must be considered modified by implication.

The other Justices concurred.