JOHN D. WILLIAMS v. JOHN MULLIS and others.

*Executions—Statute of Limitations.*

An execution may be issued after the lapse of ten years from the date of docketing the judgment, where the judgment has been kept alive by the issuance of executions within each successive period of three years after its rendition; and a levy and sale of *personal* property under it are valid. (The ruling does not apply to sales of land under execution.)

(*McDonald* v. *Dickson*, 85 N. C., 248, cited and approved.)

MOTION by defendants to set aside an execution, heard at Spring Term, 1881, of UNION Superior Court, before *Eure, J.*

At fall term, 1869, of the superior court of Union county, the plaintiff recovered judgment against the defendants upon a debt contracted in March, 1861, and caused the same at once to be docketed. Executions issued regularly and in succession, without satisfaction, or the period of three years at any time intervening between them, and were delivered to the sheriff—on only one of which returnable to fall term, 1878, a small sum was received from the sale of land and applied to the debt; and at fall term, 1880, another execution issued, by virtue of which, on March 2nd, 1881, the sheriff seized certain personal property belonging to the defendants, and advertised the sale thereof on the 15th day of the same month.

On the day after the levy, the defendants served a notice on the plaintiff of an intended application to the clerk at his office, on the day preceding the proposed sale, to vacate and set aside the execution.

The motion was accordingly made on the ground that the judgment was barred by the statute of limitations, and could no longer be enforced. The motion was refused, and the defendants appealed to the judge of the superior court.

The sheriff in the meantime, (while the defendants' appeal was pending) sold the property levied upon and held the proceeds of sale in his hands, without having made any appropriation of them, or any return of the execution.

When the motion was heard in the superior court, the judge was of opinion that the statute of limitations prevented the suing out of final process to enforce the judgment, reversed the ruling of the clerk, and ordered the execution to be set aside. From this judgment the plaintiff appealed.

No counsel for plaintiff.
*Messrs. A. W. Haywood* and *Covington & Adams,* for defendants.

ASHE, J. There are but two inquiries presented by the record :

1. Can a plaintiff sue out execution after the lapse of ten years from the date of docketing his judgment, to enforce payment thereof, when the judgment has been kept alive by the issuing of continuous and unsuccessful executions for collection during this period of time ?

2. Can the execution be set aside for this reason, and in this summary mode after the sale under it ?

The first subject of these inquiries has given rise to such a diversity of opinion that we approached its consideration with some degree of diffidence, but we think the legislative provision and the " reason of the thing " lead to the conclusion that the statutory bar of ten years, the time prescribed by section 14 of the Code for bringing actions on judgments, does not prevent an execution from being issued, and the seizure and sale of personal property· thereunder, after the expiration of the limited period, where the vitality of the judgment has been preserved by the issuance of executions within each successive period of three years after its rendition. C. C. P., § 255.

When there has been a failure to issue execution at any time within that period, the judgment becomes dormant, and no execution thereon can be issued but by leave of the clerk of the court. But the leave shall not be necessary when execution has been issued on the judgment within the three years next preceding the suing for execution, and returned unsatisfied in whole or in part. § 256.

What then is the reason, when the life of the judgment has been thus preserved, an execution may not be issued after the limit of the statutory bar? If the effect of the statute is to extinguish the judgment, it certainly could not be issued; for it would be absurd to hold that an execution could have any force or validity, when the judgment upon which it is issued is extinct. But does the statute annihilate the judgment? There is a general concurrence of opinion that it does not, and that it acts merely upon the remedy and not the debt—as is illustrated by the familiar case, where there is a new promise to pay a debt barred by the statute of limitations, the action is always brought on the old promise, and never on the new, except on promises made by a bankrupt, or an administrator to pay the debt of the intestate.

In the case of *Sturges* v. *Crowninshield*, 4 Wheat., 122, it was said by Chief Justice MARSHALL, " that statutes of limitation are not within the prohibitory laws of the constitution of the United States, because they act upon the remedy merely, and do not impair the obligation of the contract."

If then the statute applies only to the remedy, it cannot operate to extinguish the judgment after the expiration of the ten years, until an action or proceeding in nature of *scire facias* is brought to revive it, when the statutory bar may be set up by answer as a defence to the action; and this is the only mode prescribed in the Code of Civil Procedure by which a defendant can avail himself of such a

11

defence. Section 17 provides that "civil actions must be commenced within the period prescribed in this title, (ten years) after the cause of action shall have accrued," except where in special cases a different limitation is prescribed by statute. *But the objection that the action was not commenced within the time limited, can only be taken by answer;* that is, by answer either to the action or the *scire facias,* to which latter process it is held in *McDonald* v. *Dickson,* 85 N. C., 248, the statute of limitations may be pleaded.

If the plaintiff in the judgment should permit three years, after obtaining his judgment, to elapse without issuing an execution, he of course would have to apply to the clerk of the court for leave to issue; and in that case, as was decided in *McDonald* v. *Dickson, supra,* the application for leave being in the nature of a *scire facias,* the defendant may oppose the motion by interposing the obstruction of the statute. But where he has issued his executions, regularly, within each consecutive period of three years after judgment, we can see no reason, under existing law, why he may not continue to do so, even after the ten years have expired, indefinitely, so long as he may continue to issue his execution within every three years. And the reason is, because so long as the plaintiff refrains from bringing an action on his judgment, which of course he will never do so as long as he can avail himself of his remedy by execution, there is no means provided by which the defendant can set up the statute in his defence.

This opinion is not intended to apply to the sale of land under execution. We will consider that question when it is directly presented.

The execution in this case having been regularly issued, so as to prevent the dormancy of the judgment, our opinion is, the levy and sale under it were valid; and the conclusion necessarily follows that there is error in the ruling of the superior court in setting aside the execution. And this disposes of the remaining inquiry presented by the record.

The judgment must be reversed and the motion denied, and it is so adjudged.

Error.             /             Reversed.