| | |
|---|---|
| 96 | 17 |
| 114 | 227 |

| | |
|---|---|
| 96 | 17 |
| 144 | ¹649 |

| | |
|---|---|
| 96 | 17 |
| 151 | ³589 |

| | |
|---|---|
| 96 | 17 |
| f153 | ¹338 |

## FREDERICKA LUDEMAN ET AL. v. PAUL HIRTH.

*Ejectment—Declaration — Amendment—Nonsuit — Execution sale—Statute of limitations.*

1. It is error to refuse to allow a plaintiff in ejectment to amend his declaration, after issue is joined on the merits, by setting forth the estate which he claims in the land.

2. Where a plaintiff in ejectment has been denied the right to amend his declaration by setting forth the estate he claims in the land, it is error to refuse to permit him to submit to a nonsuit.

3. An execution cannot be issued and a levy made after a right of action on the judgment is barred by the statute of limitations; citing *Jerome v. Williams,* 13 Mich. 526; *Parsons v. Circuit Judge,* 37 Id. 287.

4. A lien upon real estate by virtue of a levy under an execution is not lost by delay in proceeding to a sale, where no fraudulent purpose is shown on the part of the judgment creditor; citing *Ward v. Bank,* 46 Mich. 332.

5. Where proceedings for sale under an execution levy are instituted before a right of action on the judgment is barred by the statute of limitations, a sale thereafter made in pursuance. of such levy is valid.

Error to Wayne. (Brevoort, J.) Argued April 28, 1893. Decided June 1, 1893.

Ejectment. Plaintiffs bring error. Reversed. The facts are stated in the opinion.

*George W. Radford* (*Edward A. Barnes,* of counsel), for appellants.

*William Look* and *H. F. Chipman,* for defendant, contended:

1. The requirement of How. Stat. § 7797, is mandatory, and the declaration was fatally defective; citing *Goodall v. Henkel,* 60 Mich. 382.
2. The statute of limitations bars plaintiffs' case; citing *Ten Eyck v. Wing,* 1 Mich. 40; *Jerome v. Williams,* 13 Id. 526; *McKinney v. Miller,* 19 Id. 151; *Warren v. Slade,* 23 Id. 1; *Parsons v. Circuit Judge,* 37 Id. 287; *Ward v. Bank,* 46 Id. 332.

GRANT, J. The declaration in this case was defective, in that it did not set forth the estate which the plaintiffs claimed. How. Stat. § 7797. No demurrer was interposed, but the defendant pleaded the general issue, with notice of the statute of limitations, and a claim for improvements. Upon the trial, plaintiffs asked leave to amend their declaration, setting forth the estate claimed. The court refused to permit the amendment. Thereupon, plaintiffs asked leave to submit to a nonsuit, which was also denied, and the court directed a verdict for the defendant.

The plaintiffs claimed title under an execution sale. The judgment was rendered April 2, 1878, and execution issued and levy made on the same day. On March 29, 1888, the land was advertised for sale, was sold May 16, 1888, and deed executed August 28, 1889.

The court erred in not permitting the plaintiffs to amend their declaration, and also, after refusing the amendment, in not permitting them to submit to a nonsuit.

The question raised upon the statute of limitations is not without difficulty. In this State a judgment creates no lien upon the property of the judgment debtor. No

lien is created until the levy has been made, and notice thereof filed in the office of the register of deeds. Until 1889 no limitation was placed upon the existence of the lien by execution levy. A statute was then passed, enacting that all levies theretofore made should cease to be a lien at the expiration of five years from the time the act became a law, and that all levies thereafter made should become and be void after the expiration of five years from the making thereof. 3 How. Stat. § 6173a.

Actions upon judgments must be brought within 10 years after the entry of the judgment.[1] How. Stat. § 8736. In the present case, proceedings for sale were commenced before the right to bring suit upon the judgment had expired by limitation, but the sale took place after it had expired. Executions cannot be issued, and levies made, after the right of action is barred. *Jerome v. Williams*, 13 Mich. 526; *Parsons v. Circuit Judge*, 37 Id. 287. The manifest reason on which these decisions are based is that when the judgment is dead no action can be taken to revive it. But they do not hold that during the life of the judgment any action authorized by law may not be taken to enforce it, although the sale cannot take place till after the right of action upon the judgment is gone. They therefore throw no light upon the present controversy. A lien upon real estate by virtue of a levy under execution is not lost by delay in proceeding to sale, where no fraudulent purpose is shown on the part of the execution creditor. *Ward v. Bank*, 46 Mich. 332. It follows that the lien remains in force until the statute of limitations has barred any right to proceed to foreclose it. The record of the levy is notice to every one of its existence, and is equivalent to actual possession of personal property taken under execution. Publication of the notice of sale

---

[1] See *Snyder v. Hitchcock*, 94 Mich. 313, holding that an action of *assumpsit* may be so brought.

before the right of action is barred is an open assertion of the non-payment of the judgment. The debtor is presumed to know that the lien is being enforced. If the judgment has been paid, or if he has lost any right by the failure to proceed earlier to a sale, for which the judgment creditor is responsible, the courts are open to him to restrain the sale. We think that, when any proceedings authorized by law to enforce the lien are instituted before the right of action upon the judgment is barred, they are valid, and the sale in pursuance thereof legal. Plaintiffs' deed, therefore, was not void because the sale took place more than 10 years after the rendition of the judgment.

Judgment reversed, and new trial ordered, with costs, and leave to plaintiffs to amend their declaration.

The other Justices concurred.