## DEWEY v. DEWEY.

1. LIMITATION OF ACTIONS — STATUTE — APPLICATION — DECREE PAYABLE IN INSTALLMENTS.

Where a decree for divorce required complainant to pay defendant a certain amount per week for the support of an infant child, no part of which was demanded or paid for many years, limitations would not bar execution upon defendant's claim except as to payments accruing more than ten years prior to application for execution.

2. EXECUTION—ISSUANCE—PROPRIETY — CHANCERY DECREE — NECESSITY OF ENROLLMENT.

Though application for execution may be filed and an order entered thereon before enrollment of the decree upon which it is founded, the statute and the rules forbid the issuance of execution before enrollment. 1 Comp. Laws, § 468; Chancery Rule 24 a, c.

3. SAME—APPLICATION—NOTICE—HEARING—NECESSITY.

The party against whom a chancery decree for the payment of money in installments in the future has been entered is entitled to notice and a hearing upon his adversary's application for an execution thereon.

4. SAME—DECREE—ENROLLMENT NUNC PRO TUNC—EFFECT.

Where the issuance of execution on a chancery decree was irregular both because it was issued before enrollment and without notice to the execution defendant, an order for en-

rollment nunc pro tunc, if effective to cure that defect, would not relieve the proceeding from the irregularity in the matter of service.

Appeal from Shiawassee; Miner, J. Submitted January 23, 1908. (Docket No. 133.) Decided March 17, 1908.

Petition by Fred E. Dewey against Eugenia M. Dewey to set aside an execution, levy, and sale. From a decree denying the petition, petitioner appeals. Reversed.

*Cook & Chandler*, for petitioner.

*R. E. & W. E. Hawley*, for defendant.

HOOKER, J. A decree of divorce was entered against defendant, Eugenia M. Dewey, and in favor of complainant, Fred E. Dewey, by the circuit court for the county of Shiawassee, in chancery, on September 16, 1890, the bill having been taken as confessed for nonappearance. The decree awarded two children to the custody of the defendant, and provided that complainant should pay to the defendant for the support of their child, Pearl Dewey, the sum of $3 weekly until she should reach the age of 14 years. No portion of said allowance has ever been demanded or paid. Mrs. Dewey remarried on March 1, 1898. The decree was not enrolled and nothing further was done in the case until May 11, 1903, when defendant filed a petition alleging nonpayment, claiming that the amount due her upon the decree was $1,104, consisting of $780 of the allowance not barred by the statute of limitations and $274 interest, and praying that execution issue forthwith; and on the same day an order was made determining the amount due to be $1,104, and directing that execution issue to the sheriff of Ionia county, and it was issued the same day. These proceedings were ex parte and without notice to complainant or his counsel and no testimony was taken. In August, 1905, in pursuance of a levy made upon land, the same was sold to defendant

for the amount of $1,104, and a certificate was filed for record with the register of deeds on August 12th.

On March 8, 1907, the complainant filed a petition to set aside the order, recall the execution, have the proceedings under the execution declared void, and the cloud removed from the land, in which complainant alleged that he had an undivided half interest. An answer was filed, and upon the hearing the court found:

"*First.* That at the time that said execution was issued that the judgment was not outlawed.

"*Second.* I find that the files and records in said cause were not enrolled as required by the rule.

"*Third.* I find that the court has authority to order said proceedings enrolled nunc pro tunc."

And ordered:

"*First.* That said proceedings be enrolled nunc pro tunc as of the 11th day of May, 1903, and that the said petition be denied.

"But inasmuch as the execution in said cause was issued in contravention of the rules of this court, I deem it proper and just that if said complainant shall on or before the first day of January, 1908, pay to the register of said court or to said defendant or her solicitor the sum of one thousand one hundred and four dollars and simple interest thereon at five per cent. from the 11th day of May, 1903, to the time of said judgment, then and in such case said execution and sale mentioned in said petition will be set aside; otherwise to remain in full force and virtue."

A decree in accordance with the order was entered and complainant has appealed.

We concur with the learned circuit judge that the claim of the defendant was not barred by the statute of limitations at the time that the application for execution and the order based thereon were made or when the writ issued. See *Field* v. *Loveridge,* 114 Mich. 220.

There was no obstacle to the filing of said application, or the making of an order thereon, before enrollment. *Taylor* v. *Gladwin,* 40 Mich. 235.

The statute and the rules forbid the issue of execution before enrollment.

"No execution shall be issued on any final decree, until the same shall have been enrolled, as hereinbefore provided." 1 Comp. Laws, § 468.

"No process shall be issued or other proceedings had on any final decree, to enforce the same, until the same is duly enrolled pursuant to statute.

"No conveyance shall be executed by a commissioner or other officer  *  *  *  until such enrollment is had." Chancery Rule 24 a, c.

The issue of execution was irregular, both because it was issued in violation of the statute and rules, and for want of service of notice upon the complainant, who was entitled to a hearing. See *Perkins* v. *Perkins*, 16 Mich. 166.

If, as contended, the order nunc pro tunc might cure the defect arising from the want of enrollment, which we do not decide, it could not relieve the proceeding from the irregularity in the matter of service. The sale should have been vacated for this reason. This would leave the case where it was after the petition was filed, with jurisdiction on the part of the court to bring in the complainant by a new order and proper service and to grant and issue execution after a proper hearing, unless the authority to do so has been lost by lapse of time since the execution heretofore issued, a question that we do not decide for the reason that it has not been referred to by counsel. See 1 Freeman on Executions (3d Ed.), §§ 27–31; *Eddy* v. *Coldwell*, 23 Or. 163; *DeLoach* v. *Robbins*, 102 Ala. 288; *Jerome* v. *Williams*, 13 Mich. 521; *Parsons* v. *Wayne Circuit Judge*, 37 Mich. 287; *Ludeman* v. *Hirth*, 96 Mich. 17.

The decree is reversed, and a decree may be entered here setting aside the sale and all proceedings subsequent to the filing of the petition for execution. No costs allowed to either party.

GRANT, C. J., and BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.