[No. 6068.]

## BROWN v. BELL, SHERIFF.

1. **Statute of Limitations—Effect**—A statute which merely prescribes the time within which an action may be brought does not extinguish the debt. The debt remains a moral obligation notwithstanding the bar of the statute.—(166)

2. **Pleading**—The statute must be specially pleaded; or if the fact that the statute has run appears on the face of the adversary pleading, may be availed of by special demurrer.—(167)

3. **What is an Action?**—An application for an execution to which a party is entitled as of right, is not an action, nor is the issuance of an execution in such a case prohibited by a statute which bars an action on the judgment.—(167)

4. **Judgment—Execution**—The creditor in a judgment recovered before a justice, a transcript of which has been filed in the district court, is entitled to execution at once, and of course, without application in any form, to the court.—(167)

5. **Execution Sale—Redemption—Amount**—Judgment creditor desiring to redeem lands of his debtor from an execution sale places in the hands of the sheriff an amount more than sufficient to effect the redemption. The sheriff returns a portion of this, but by mistake retains an amount not sufficient to effect the redemption. The creditor having immediately tendered the deficiency, to the party entitled, and so, not having ratified the sheriff's mistake, was held not affected by it.—(173)

*Appeal from Teller District Court*—Hon. LOUIS W. CUNNINGHAM, Judge.

Mr. S. S. ABBOTT, Messrs. ROGERS, SHAFROTH & GREGG, and Mr. W. H. MALONE, for appellant.

No appearance for appellee.

Mr. JUSTICE MUSSER delivered the the opinion of the court:

It appears from an agreed statement of facts that, on February 24, 1905, the sheriff of Teller county sold the Franklin lode claim for $356.42 under an execution against the Franklin Gold Mining Company, and issued a certificate of purchase, which, by assignment, became the property of the appellant, Brown. Under the statute, a deed might issue to the holder, if no redemption was made within nine months. On March 16, 1899, one Sherman obtained a judgment against the same company, before a justice of the peace. A transcript of this judgment was duly filed with the clerk of the district court, as provided by statute, on December 12, 1900, and, on November 23, 1905, more than six years after the rendition of the judgment by the justice of the peace, an execution was issued out of the district court on this judgment and placed in the hands of the appellee as sheriff of Teller county, together with $500.00, for the purpose of redeeming the property, as provided by statute, from the sheriff's sale aforesaid. This was more money than was necessary for that purpose. Several days later, the sheriff returned to the redeeming creditor the balance of the $500.00, left after deducting some sheriff's costs, and $377.80 for the use of appellant, who held the certificate of purchase, and sent to the appellant the said sum of $377.80. The appellant returned this amount to the sheriff. The amount necessary

to redeem was $383.15, or $5.35 more than was sent by the sheriff to appellant. The sheriff was proceeding to sell the property under this second execution, when this action was brought to restrain the sale and to compel the sheriff to issue a deed to appellant, upon his certificate of purchase. On the same day that the appellant returned the money to the sheriff, the redeeming creditor tendered to appellant the sum of $5.35.

The judgment was against the plaintiff, and he appeals. The appellant claims that, though the judgment obtained before the justice of the peace had been taken on transcript to the district court, it was still a judgment of the justice of the peace, and that the execution issued thereon, out of the district court, by means of which the redemption was attempted, was void, because issued more than six years after the rendition of the judgment by the justice of the peace.

Our statute provides that, when a transcript from a justice of the peace is filed and recorded in the office of the clerk of the district court, the judgment "shall thenceforward have all the effect of a judgment of the said district court, and execution shall issue thereon out of that court as in other cases." The appellant asserts that, notwithstanding the language of our statute, the judgment remains a judgment of the justice of the peace, and cites numerous authorities tending to sustain that position. Without deciding, it will be assumed, for the purposes of this case, that the appellant is right and that the judgment was still a judgment of the justice of the peace, and not of the district court, when the execution issued. Appellant says that section 2900 of Mills' Ann. Stats., provides expressly for a limitation of six years on any judgment rendered in any court, not a court of record; and that, therefore, the

execution, under which the redemption was attempted to be made, was null and void, and there was no redemption. Appellant cites no authorities to support this position, but assumes it. Sec. 2900 (sec. 4061, Rev. Stats. 1908), so far as pertinent, is as follows: "The following actions shall be commenced within six years, next after the cause of action shall accrue, and not afterwards:  *  *  *. Second. All actions upon judgments rendered in any court not being a court of record.  *  *  * " Appellant seeks to annul the execution indirectly, through section 2900, and raises no other question as to the life of the judgment or the issuance of the execution. The question thus presented is: Does this section limit the time within which an execution, otherwise issuable as of right, may issue on a justice's judgment? If it does, it must do so upon the theory that this statute of limitation extinguishes the judgment, wipes it out and leaves nothing upon which an execution may rest. Especially must this be true in this case, for it must be remembered that appellant is not the judgment debtor. He is a stranger to the judgment and the execution. If he has the right to question the execution as he does, as to which right no opinion is expressed, it must be upon the theory that the running of the statute against an action on the judgment made it nothing in the sight of all men. Statutes of limitation have given rise to much discussion, and there is some contrariety of opinion about them, but the authorities are quite generally agreed, and it is the declared law of this state, that a statute like section 2900 acts upon the remedy only, and not upon the debt. It does not extinguish a debt, but simply puts to repose the remedy for its enforcement.—*Holmquist v. Gilbert,* 41 Colo. 113; *Foot v. Burr,* 41 Colo. 192.

In order to get the benefit of the statute as a

defense, a debtor must plead it specially in his answer, or if it appears on the face of the complaint that the statute has run, he may plead it in bar of the action, by way of special demurrer. If he fails to plead the statute specially, one way or the other, the defense is not available, for it is deemed waived, and the plaintiff may recover as in other cases; notwithstanding the statute has run.—*Hexter v. Clifford,* 5 Colo. 168; *Hunt v. Hayt,* 10 Colo. 278; *Adams v. Tucker,* 6 Col. App. 393, 396.

A debt—and a judgment is a debt—is as much a moral obligation after the bar of the statute has fallen, as before. The statute may be employed as a defense by the debtor, if he chooses to do so. It is a personal privilege granted to him.—*Foot v. Burr, supra,* 197. All these decisions of our courts are directly at variance with the idea that a judgment is extinguished when the statute has run.

Under sec. 3755, Rev. Stats. 1908, a party obtaining a judgment before a justice of the peace, is of right entitled to the remedy by execution immediately after rendition of judgment. No action or proceeding of any kind before the court, after judgment, is necessary to obtain an execution. This fact should be borne in mind, for, in some states, whose decisions will hereafter be referred to, executions are issued upon motion or some proceeding before the court. An execution is plainly a remedy afforded by law for the enforcement of the judgment. A party has another remedy looking toward the enforcement of his judgment. He may bring an action thereon in some other court. This is frequently done. He must bring this action, however, within six years after the rendition of the judgment, else there is great probability that his adversary may plead the statute of limitations (sec. 2900, *supra*), and thus this remedy by action will be lost.

Thus has our legislature left the matter, and we will have to accept it as it was left. If a party has two remedies for the enforcement of a right, the one he chooses is not barred, because the other, if chosen, would have been.—*Foot v. Burr, supra,* 197.

Having seen that a judgment, otherwise alive, is not extinguished because the statute of limitations has run against an action thereon, how can a statute which only limits the time within which an action can be brought on a judgment, limit the time within which an execution may issue on it? It is difficult to comprehend how the issuance of an execution as of right, without an appeal to and an order of court, can be an "action" such as is meant in section 2900. From the foregoing observations, it appears, from our statutes and former decisions of this court, that there is no escape from the conclusion that an execution, otherwise issuable as of right, may issue on a justice's judgment and be of force, after the six years statute of limitations has run against an action on the judgment.

It is pleasing to note that this conclusion has support in the decisions of other states.

*Waltermire v. Westover,* 14 N. Y. 16, speaks of a statute providing, in substance, that all actions upon justice's judgments "shall be commenced within six years next after the cause of such action accrued." It is true that, in that case, the execution issued a short time before, and the sale took place about a year after, the six years had expired. The reasoning of the court is as applicable as though the execution issued later. After saying that the statute operated on the remedy, not the debt, the court, on pages 21 and 22, said:

"If statutes of limitation do not discharge the debt, but act exclusively upon the remedy, upon what principle of interpretation is it to be held that

this statute, which is in terms confined to the remedy by action, operates to annihilate the remedy by execution? The statute is in derogation of a clear common-law right. It does not operate according to the recent cases, by producing any presumption of payment, but is a mere statutory bar, founded in principles of public policy. It would be contrary, therefore, to all just rules of construction to extend its operatior beyond the fair and reasonable interpretation of its language. The reasoning which has so fully established that statutes of this sort act upon the remedy only and not upon the debt, equally proves that the operation of the statute in question here is confined to the particular remedy by action. Indeed, the statute could only be held to reach and subvert the remedy by execution, by holding that the debt itself is discharged, or by interpolating language not expressly or by any fair implication contained in the statute."

To the same effect is *Kincaid v. Richardson,* 25 Hun. 237, 239. In *Williams v. Mullis,* 87 N. C. 159, it is said that there is a general concurrence of opinion that the statute of limitations does not annihilate the judgment; that it acts upon the remedy and not the debt, and that, if the judgment is kept alive by issuing execution every three years, execution may issue though the statute has run. In that case, it is pointed out that, under the statute of that state, if the judgment creditor allows three years to elapse without issuing execution, he would have to apply to the clerk of the court for leave to issue, and that the application for leave being in the nature of a *scire facias,* the defendant may oppose the motion by pleading the statute, but as long as the execution issued as of right, the statute could not be interposed.

It might be said that the following decisions

cited by an eminent writer induce the belief that this view is at variance with the general current of authority, but it seems to us, upon examination, that the said decisions. save one, are not opposed to that view.

*Jerome v. Williams,* 13 Mich. 521, was a proceeding before a court to renew an execution. The court said it was a substitute for a *scire facias,* and did not differ from a formal action, and that, where the delay in issuing execution rendered it necessary to apply for leave, it cannot be granted if the statute had run. This is far from saying that an execution as of right might not issue.

In *Parsons v. Wayne, Circuit Judge,* 37 Mich. 287, it was pointed out that, at a certain time, the statute in force did not limit the time within which a suit might be brought on a judgment, but provided that the judgment should "be presumed to be paid and satisfied at the expiration of ten years," after it was entered. Another section of the statute provided for the issue of execution without any limitation of time and for alias executions. It would seem that, if ever a judgment is extinguished by a limitation statute, it would be by one that said the judgment should be deemed paid and satisfied; yet as eminent a lawyer as Chief Justice Cooley said that, under such statutes, there is reason for saying that an execution might be taken out notwithstanding the lapse of the ten years' period, and that the court would not be justified in setting the execution aside without proof of actual payment. It is not intended to be understood, by mentioning this, that this court would go so far as to hold that a judgment would or would not be extinguished under such a statute. It is not necessary to do so under the statute which we are now considering. The case is mentioned to show

that the decisions in Michigan are not opposed to the view that we have taken.

*McDonald v. Dickson,* 85 N. C. 248, was a proceeding before a court for leave to issue an execution, and the defendant set up the statute as a defense. The proceeding was held to be in the nature of an action. The later case of *Williams v. Mullis, supra,* in the same court, points out this difference in *McDonald v. Dickson.*

*Peters v. Vawter,* 10 Mont. 201, was upon statutes so essentially different from ours that it can not be considered in point here, and besides the case was a motion for leave to issue an execution. *Thomson v. Beverage,* 3 Macky 170, was upon a statute which did not bar an action, but which declared that a judgment was not good and pleadable or admissible in evidence after twelve years. The court held that this reduced a judgment to a nullity and destroyed the cause of action entirely, and distinguished it from a statute that barred an action.

In *Ludeman v. Hirth,* 96 Mich. 17, it appears that judgment was rendered on April 2, 1878, and execution issued the same day. On March 29, 1888, nearly ten years thereafter, the land was advertised for sale and was sold on May 16, 1888. The court held the sale good, notwithstanding the expiration of the ten years period of limitation before the sale, because the execution had been issued and the sale advertised before the period had expired. This is not in point. True, the court says that executions can not be issued and levied after the statute has run, but this dictum is no doubt intended to be taken in the light of the Michigan statute, and is supported by the citation of *Jerome v. Williams,* and *Parsons v. Circuit Judge,* mentioned above, which logically sustain our view, under the Colorado statute.

*Merchants Nat'l Bk. v. Braithwaite,* 7 N. D. 358,

is not opposed to our view. It seems therefrom that, under the laws of that state, no action on a judgment can be brought, and no execution can be issued after ten years, and that the judgment ceases to be a lien at the expiration of that period. The court thought that all these statutes showed the legislative purpose to destroy the judgment after ten years. It would seem that this is true, for the action, execution and lien being barred, it is difficult to see what would remain. The court mentioned the New York cases cited above, and said: "It is apparent that, in New York, the statute was leveled at only a particular remedy, and therefore the court rightly held that all other remedies remain unimpaired."

*McGrew v. Reasons,* 3 Lea. 485, seems to hold that the running of the statute of limitations against an action on a judgment, likewise barred the remedy by execution, so that an execution on a justice's judgment might be quashed in the circuit court upon petition for *certiorari* and *supersedeas.* The age of the judgment, nearly twenty years, no doubt appealed to the court in that case. No authorities are cited by the court. The conclusion in that case is not supported by the former reasoning of our own court on the statute of limitations, and to follow it now would be subversive of former decisions in this state.

The appellant also says that there was no redemption in this case, because there was not enough paid to effect the redemption. Our statute (sec. 3653, Rev. Stats., 1908), provides that, after the expiration of six months and at any time before the expiration of nine months from the sale, a judgment creditor may redeem by placing an execution on his judgment in the hands of the proper officer to execute, and paying to the officer the amount of money for which the premises were sold, with ten per cent.

per annum interest thereon from the date of the sale. This the redeeming creditor did. Before, and for several days after the period of redemption expired, the sheriff had sufficient money in his hands to effect the redemption, paid to him by the redeeming creditor for that purpose. If the sheriff made a mistake in distributing this money, it was a matter between appellant and the sheriff. True, the sheriff returned money to the redeeming creditor, but the latter did not ratify the mistake of the sheriff, for he tendered $5.35 seasonably to appellant.

As it appears from the foregoing that appellant is wrong in his contentions. the judgment is affirmed.

*Affirmed.*

Chief Justice Steele and Mr. Justice Campbell concur.