SULLIVAN *v.* SULLIVAN.

1. APPEAL AND ERROR—MOTION TO DISMISS BILL—ALLEGATIONS TAKEN AS TRUE.

Allegations of bill that property was held by the entireties must be taken as true on appeal, where bill was dismissed on motion without taking testimony.

2. DIVORCE—TENANTS BY THE ENTIRETIES—TENANCY IN COMMON.

Upon divorce of parties holding real estate as tenants by the entireties they would become tenants in common unless the ownership was otherwise determined by the decree (3 Comp. Laws 1929, § 12767).

3. TENANCY IN COMMON—RENTS.

Tenants in common, if formerly tenants by the entireties of property while relation of husband and wife existed and who are now divorced, are not obligated to pay rent one to the other unless rent is collected from a third party in which event they would each be entitled to one half of the net rent (3 Comp. Laws 1929, § 12767).

4. SAME—RENT FROM THIRD PARTY.

A tenant in common who receives rent from a third party is liable in an action at law to cotenants for a portion thereof (3 Comp. Laws 1929, § 13496).

5. SAME—RENT—STATUTE OF LIMITATIONS.

Divorced wife, now claiming to be a tenant in common of real property alleged to have been held during marriage by herself and husband as tenants by the entireties, would not be entitled in suit against former husband for an accounting to recover for her share of proceeds of rent received from third parties for more than the last six years, since under such prayer for relief the suit is but a substitute for a legal proceeding and the statute of limitations would preclude recovery for more than such sum (3 Comp. Laws 1929, §§ 12767, 13496, 13976, as last amended by Act No. 193, Pub. Acts 1937).

6. DIVORCE—AWARD IN LIEU OF DOWER—STATUTES—LIENS—SEQUESTRATION—RECEIVERS—RENTS.

Fact that an award in divorce proceeding wholly or partly in lieu of dower and satisfaction of wife's claim in her hus-

band's property is only a money decree solely recoverable by an action at law would not preclude wife from maintaining suit seeking indirect and ancillary relief under statute providing for foreclosure of lien upon husband's realty, execution, sequestration, appointment of receiver, and application of rents, profits, and income (3 Comp. Laws 1929, § 12747).

7. SAME—STATUTORY REMEDIES OF WIFE—LAPSE OF TIME.

Statutory remedies of wife for foreclosure of lien upon husband's realty, execution, sequestration, appointment of a receiver, and application of rents, profits, and income are barred by lapse of time where such relief was not sought for approximately 29 years after decree of divorce was granted (3 Comp. Laws 1929, § 12747).

8. STATUTES—LIMITATION OF ACTIONS—LIENS.

The legislature, in enacting statute imposing a lien in favor of divorced wife upon her husband's property and providing for the sale of the husband's property "in the same manner and upon like notice as in suits for the foreclosure of mortgage liens," is presumed to have intended the 15-year limitation of time prescribed for bringing suit to foreclose a mortgage to apply to the newly-created proceedings (3 Comp. Laws 1929, §§ 12747, 13975).

9. LIMITATION OF ACTIONS—DIVORCE—MONEY DECREE.

A divorced wife is precluded from having execution under money award in decree upon her former husband's property after the lapse of 10 years, such remedy being one *in personam* (3 Comp. Laws 1929, §§ 12747, 13976, subd. 1).

10. DIVORCE—STATUTORY REMEDIES OF WIFE—LIMITATION OF ACTIONS.

If statutory remedies afforded divorced wife by way of sequestration of husband's property and appointment of receiver and application of rents, profits, and income were "actions founded upon judgments or decrees," a 10-year statute of limitations would apply (3 Comp. Laws 1929, §§ 12747, 13976, subd. 1).

11. SAME—SEQUESTRATION—RECEIVERS—LACHES.

The statutory remedies afforded a divorced wife by way of sequestration of husband's property and appointment of a receiver and application of rents, profits, and income are equitable in nature, subject to plea of laches independently of any statute of limitations, and unavailable to wife who fails to excuse delay of nearly 30 years before seeking such relief (3 Comp. Laws 1929, § 12747).

12. SAME—STATUTES—LIENS—STATUTE OF LIMITATIONS—INSTAL-
MENTS.

On a continuing decree providing for the accrual of successive
instalments the statute of limitations bars recovery either
*in personam* or *in rem,* as by lien foreclosure, of all pay-
ments that became due prior to the time when the statute
began to run (3 Comp. Laws 1929, §§ 12747, 13975, 13976,
subd.1).

13. SAME—DOWER—STATUTE OF LIMITATIONS.

Upon divorce being granted wife because of certain misconduct
of the husband, her right of dower became fixed by the
divorce the same as if he had died, but, though never re-
leased, it may become barred by the statute of limitations
(3 Comp. Laws 1929, §§ 12746, 13964, subd. 3).

14. APPEAL AND ERROR—DISMISSAL OF DIVORCED WIFE'S BILL WITH-
OUT PREJUDICE.

Decree dismissing bill by divorced wife against husband, filed
some 29 years after decree of divorce, for an accounting,
execution, sequestration of defendant's property and appoint-
ment of receiver and application of rents, profits, and income
on motion of defendant before testimony was taken, is
affirmed without prejudice, where wife claims property had
been held by the entireties, to the filing of an amended bill
for partition and accounting (3 Comp. Laws 1929, §§ 12746,
12747, 12767, 13964, subd. 3, 13975, 13976, as last amended by
Act No. 193, Pub. Acts 1937).

15. SAME—COSTS—DISMISSAL WITHOUT PREJUDICE—AMENDMENT.

Upon affirmance of decree dismissing bill without prejudice to
plaintiff's filing of an amended bill, costs are allowed de-
fendant in case no bill is filed within 60 days or in case
plaintiff fails to prevail on hearing.

Appeal from Monroe; Golden (Clayton C.), J.
Submitted January 13, 1942. (Docket No. 26, Calen-
dar No. 41,833.) Decided March 17, 1942.

Bill by Leonora Sullivan against Daniel F. Sul-
livan for an accounting, a money decree, and other
relief. Bill dismissed. Plaintiff appeals. Affirmed,
without prejudice.

*Walter M. Nelson,* for plaintiff.

*William H. Fallon,* for defendant.

BUTZEL, J.   In *Sullivan* v. *Sullivan,* 170 Mich. 557 (1912), this court modified a decree of the circuit court for the county of Monroe in chancery, granted on July 8, 1910.   The decree as modified awarded the sum of $500 to the plaintiff for permanent alimony and in lieu of all dower rights and interest in defendant's real estate, and impressed a first lien upon the homestead farm therein described for payment of such amount.   It likewise ordered defendant to pay the sum of $20 per month for the support of two minor children of the parties, such amounts to be a lien upon the land thereinbefore described.   The reason given in the opinion for the small amount awarded plaintiff was that the record supported the finding of the trial judge that plaintiff had more property of her own than was possessed by defendant, and that defendant owed a large sum of money so that his net equity was very small.   On June 9, 1941, approximately 29 years after the rendition of the decree of this court, plaintiff Leonora began the instant equity suit against defendant Daniel F. Sullivan.   The sole piece of property herein involved is the same farm which was the homestead of the parties.   Plaintiff in the new bill of complaint now claims that this farm was owned by the entireties. The present bill of complaint was dismissed because the enforcement of the lien was barred by the statute of limitations.   As the bill was dismissed on motion without taking testimony, we must assume that there is some merit to the contention by plaintiff that the property was held by the entireties.

Plaintiff annexed to the bill of complaint as exhibit 1 the divorce decree of the trial court but not that of this court.   It will be noted that in its description of the real estate involved herein, the decree states that the property was conveyed to

defendant and not to plaintiff and defendant on June 18, 1887. In the records and briefs filed in this court in the case decided in 170 Mich. 557, it appears very definitely that the property in question was owned by defendant alone. If this impression be mistaken, however, because of other conveyances, opportunity for correction and safeguarding plaintiff's rights is herein provided for.

Assuming, however, that there may be proof that the parties became owners of the farm by entireties, they would have become tenants in common on granting of the divorce unless the ownership thereof was otherwise determined by the decree. 3 Comp. Laws 1929, § 12767 (Stat. Ann. § 25.132). Then again, if they did become tenants in common, as stated in *Walton* v. *Walton,* 287 Mich. 557, neither party would be obligated to pay rent to the other unless the rent was collected from a third party in which event they would each be entitled to one half of the net rent. Also, see *Vobless* v. *Weisenthal,* 293 Mich. 565. If the rent was received from a third party, it would be recoverable by plaintiff from defendant by action at law in accordance with 3 Comp. Laws 1929, § 13496 (Stat. Ann. § 26.1108). Inasmuch, therefore, as the bill in equity herein filed insofar as it prays for an accounting of rents and profits is but a substitute for a legal proceeding, the statute of limitations would preclude recovery for her share of the proceeds for rent from third parties for more than the last six years.* *People, ex rel. Attorney General,* v. *Railroad Co.,* 145 Mich. 140.

The present bill of complaint also seeks payment of the $500 and interest which the decree awarded in lieu of dower and permanent alimony under the following statute (3 Comp. Laws 1929, § 12747 [Stat.

---

* See 3 Comp. Laws 1929, § 13976, as last amended by Act No. 193, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 13976, Stat. Ann. 1941 Cum. Supp. § 27.605).—Reporter.

Ann. '§ 25.105]), the language of which it closely follows:

"In all cases where alimony or allowance for the support and education of minor children shall be decreed to the wife, the amount thereof shall constitute a lien upon such of the real and personal estate of the husband as the court by its decree shall direct, and in default of payment of the amount so decreed the court may decree the sale of the property against which such lien is decreed in the same manner and upon like notice as in suits for the foreclosure of mortgage liens; or the court may award execution for the collection of the same, or the court may sequester the real and personal estate of the husband and may appoint a receiver thereof, and cause such personal estate and the rents and profits of such real estate to be applied to the payment thereof."

Plaintiff seeks foreclosure of the lien upon the farm of defendant. The $500 award was at least in part in lieu of dower. The familiar rule, reiterated in *McFarlane* v. *McFarlane*, 298 Mich. 595, that an award wholly or partly in lieu of dower and satisfaction of the wife's claim in her husband's property is only a money decree whereon the sole direct recovery is by action at law, is no obstacle to the present bill, which seeks indirect and ancillary relief under the statute above quoted in asking for foreclosure of a lien, execution, sequestration, appointment of a receiver, and application of rents, profits and income. But these forms of remedy are barred by lapse of time.

1. *The prayer for foreclosure.* The clause in the above statute authorizing sale of the lien-bound land "in the same manner * * * as in suits for the foreclosure of mortgage liens" was added to that statute for the first time by Act No. 197, Pub. Acts 1897, 18 years after the enactment of the first statute

of limitations barring suits to foreclose mortgages after 15 years from the due date thereof, or the last payment thereon. Act No. 204, Pub. Acts 1879, was reenacted in all material particulars in Act No. 314, chap. 9, § 12, Pub. Acts 1915 (3 Comp. Laws 1929, § 13975 [Stat. Ann. § 27.604]). It may be fairly presumed, therefore, that in enacting the former statute, the legislature intended the limitation of time prescribed by the latter to apply to the newly-created proceedings. As to the presumption that such was the legislative intent in enacting Act No. 197, Pub. Acts 1897, see *Ulman* v. *Ulman,* 148 Mich. 353, 355.

2. *The prayer for execution.* This is the only *in personam* remedy given by the statute or prayed for by the bill. The proper statute of limitations applicable to this head of relief is the 10-year statute (3 Comp. Laws 1929, § 13976, subd. 1 [Stat. Ann. § 27.605]). So much is clearly established by *Dewey* v. *Dewey,* 151 Mich. 586 (see headnote 1).

3. *The prayers for sequestration, appointment of a receiver and application of rents, profits and income.* Unless it be held that these heads of relief fall under "actions founded upon judgments or decrees" and therefore fall under the same 10-year statute of limitations as was held applicable to executions in *Dewey* v. *Dewey, supra,* there is no statute specifically directed to these two remedies. But none is needed. They are equitable in nature, and, as such, subject to the plea of laches independently of any statute of limitations. A clearer case of laches would be hard to find, for here the unexcused delay lasted almost 30 years.

On a continuing decree providing for the accrual of successive instalments the statute of limitations bars recovery either *in personam* or *in rem,* as by lien foreclosure, of all payments that became due

prior to the time when the statute began to run. *Field* v. *Loveridge,* 114 Mich. 220; *Dewey* v. *Dewey, supra.* Also, as recognizing the equitable defense of laches in other types of matrimonial causes, see *Zoellner* v. *Zoellner,* 46 Mich. 511, and *Smith* v. *Smith,* 246 Mich. 80.

Plaintiff, however, claims that she never lost her dower interest in the property. The decree does not require her to release her dower until the $500 has been paid, and she has never done so. The divorce was granted because of the misconduct of the husband and under 3 Comp. Laws 1929, § 12746 (Stat. Ann. § 25.104), the right of dower became fixed by the divorce the same as if the husband had died. This right, however, even though never released, became barred by the statute of limitations (3 Comp. Laws 1929, § 13964, subd. 3 [Stat. Ann. § 27.593]). *Moross* v. *Moross,* 132 Mich. 203.

The decree of the trial court dismissing the bill is affirmed, but without prejudice to the right of plaintiff, if she has proof that the property was held by the entireties, to file an amended bill for accounting only, or for partition and accounting. Should she not file such an amended bill within 60 days from date of the filing of the opinion in this court, or should she not prevail on hearing of such cause, then defendant shall be entitled to the costs of this court.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., did not sit.