YEAGLEY *v.* YEAGLEY.

1. Divorce—Division of Jointly-Owned Property—Earning Capacity of Parties—Repairs—Taxes—Remarriage.

In suit for divorce wherein original decree reserved right to adjudicate respective interests of parties in jointly-owned home, assessed at $700 but which evidence showed was worth much more, amended decree awarding plaintiff wife $300 in lieu of her interest was proper in view of defendant's impaired earning capacity, his redemption of the property from scavenger sale and substantial expense in repairing and reconditioning the property, steady employment and remarriage of plaintiff.

2. Same—Division of Jointly-Owned Property—Questions Reviewable.

After amendment of decree of divorce wherein property rights of the parties were fixed, they were no longer joint tenants with a right of survivorship, hence consideration is not given to irregularity in plaintiff wife's proceeding to have property rights adjudicated after death of husband subsequent to such amendment (3 Comp. Laws 1929, § 12767).

3. Same—Costs—Wife's Appeal.

No costs are allowed wife who was unsuccessful in procuring modification as to property rights in appeal from decree of divorce.

Appeal from, Wayne; Webster (Clyde I.), J. Submitted April 9, 1946. (Docket No. 68, Calendar No. 43,004.) Decided May 13, 1946.

Divorce proceedings by Marie Yeagley against Emmett E. Yeagley. On petition of plaintiff to

amend decree to provide for property settlement. Decree amended. Plaintiff appeals. Affirmed.

*John W. L. Hicks,* for plaintiff.

*Hilda Wright (Daniel H. Cronin,* of counsel), for defendant.

NORTH, J. In this divorce case plaintiff has appealed from a provision in an amended decree which on her petition fixed the property rights of the parties in real estate jointly owned before the divorce; and also from the order of the trial court dismissing plaintiff's subsequent petition for a modification of the amended decree.

In the original decree of divorce, entered June 20, 1935, the court for reasons stated reserved the right to determine the respective interests of these parties in their jointly-owned home. The assessed valuation of this property was $700, but there is testimony indicating it was of the approximate value of $1,600. The purchasing of the lot and the subsequent construction of the four-room house was the result of the joint effort of the husband and wife. The proceedings hereinafter noted were heard and determined by the same judge who decided the divorce case.

More than six years after the original decree plaintiff filed a petition to amend the original divorce decree in so far as it affected property rights, seeking thereby to have property rights adjudicated. Prior to the filing of this petition the property, being in default in payment of taxes, was sold at a scavenger sale; but defendant matched the bid of $175 made by a third party and obtained from the State land office board a contract to purchase in his individual name with a down payment of $25 and the balance

payable in $5 monthly instalments. On September 8, 1942, upon hearing plaintiff's petition the original decree was amended and adjudicated the property rights of the parties by providing that defendant should pay to plaintiff $250 "for her half undivided interest in the said premises, payable at the rate of $5 each and every week, from the date of this decree, payable in advance. And further, that after the payment of such amount to the said plaintiff, that the said defendant herein is to have the said premises wholly in his own right and name." And the decree further provided: "That after the sale of said property under the so-called scavenger act,* the title of the said property reverted back to the said parties hereto, in both names."

Plaintiff promptly petitioned for a rehearing and on April 16, 1943, the trial judge again amended the decree, thereby modifying the amount defendant was to pay plaintiff and the manner of payment. This amended decree of April, 1943, provided: "That defendant pay unto the said plaintiff herein, the sum of $300, as her share and property rights in the said real estate of the said parties hereto, payable at the rate of $10, each and every month from the date of this decree until the said sum $300 has been fully paid." We are advised by defendant's brief: "The entire sum ($300), upon court leave, has been duly paid into court for plaintiff."

From the amended decree of April 16th plaintiff filed the claim of appeal in the matter now pending in this Court. But before the record on the appeal was settled the defendant died. Without causing a suggestion of death to be made of record, plaintiff

---

* See Act No. 155, Pub. Acts 1937, as amended (Comp. Laws Supp. 1940, 1942, § 3723–1 *et seq.,* Stat. Ann. 1942 Cum. Supp. § 7.951 *et seq.*).—REPORTER.

after defendant's death and on January 31, 1944, filed in the trial court another petition to amend the decree. In this petition plaintiff makes the contention that at the time of defendant's death he and she were still joint tenants with right of survivorship in the property, and in consequence thereof she asserts the decree should be so modified as to provide "that the entire real estate be given unto this said plaintiff, and in her name alone, in accordance with the laws of this State." The trial court dismissed plaintiff's January 31st petition and denied the relief therein sought. Appellant asserts that the trial court erred in so doing and seeks review on this appeal.

It is not essential that we should attempt a detailed recital of all the facts and circumstances bearing upon the issue of whether the trial court in its amended decree of April 16, 1943, made a fair and equitable property division. We deem it sufficient to note that plaintiff as well as defendant neglected to pay the taxes which resulted in the scavenger sale, that the defendant procured the money with which to make the initial payment and the subsequent instalments as they have accrued under his contract to purchase from the State land office board, that he has paid out quite a substantial sum of money in repairing or reconditioning the property, and especially it was made to appear to the trial court that unless defendant was given a major interest in the property he would in all probability become a public charge on account of his impaired physical condition and earning capacity. On the other hand, it appears that plaintiff has been steadily employed, and was remarried at the time of the hearing. We are of the opinion that the disposition of the property rights of these par-

ties made by the amended decree of the court in April, 1943, was proper.

There is no merit to appellant's contention that her petition, made in January, 1944, for a further amendment of the decree which would provide that as a survivor of her former husband, who in the meantime had died, she was entitled to all of the property, was erroneously dismissed. After the 1943 amendment of the decree wherein the property rights of the parties were fixed, plaintiff was no longer a joint tenant with her former husband with a right of survivorship. See 3 Comp. Laws 1929, § 12767 (Stat. Ann. § 25.132), and *Sullivan* v. *Sullivan*, 300 Mich. 640. As it is unnecessary, we forego commenting on the irregularity in the instant case of plaintiff's attempted proceedings to have the trial court adjudicate property rights of the parties after the death of the defendant.

The decree entered in the circuit court is affirmed, without costs.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and STARR, JJ., concurred.