## WRIGHT v. McCORMICK.

1. **Conveyance:** BREACH OF CONTRACT. Where a person purchases real estate with certain improvements thereon, from another, and takes a conveyance which in terms purports to convey such improvements but which is afterward ascertained not to embrace the land on which they are situated, which in fact belongs to a third person, from whom the purchaser, to save himself from further damage, purchases it, such purchaser may maintain an action against his grantor and recover from him such compensation as the circumstances show him entitled to.

2. **Practice:** MISTAKE IN PROCEEDING. It is not a good ground of demurrer that an action which should have been in equity is commenced at law. In such case, the cause should be transferred to the chancery docket.

*Appeal from Lucas District Court.*

MONDAY, JULY 8.

THE plaintiff, in his amended petition, makes this case for himself, namely, that on the seventh of March, 1861, defendant pretended to be the legal owner of the following tract of land, with the improvements thereon, to wit: Lands in S. E. corner of the N. E. ¼ of the S. E. ¼ of sec. 19, T. 72 N., range 21, being a tract of land adjoining the town of Chariton in Lucas county, and extending from a parallel with Harrison street on the east, to a parallel with Polk street on the west, and from North street, on the south to a certain picket fence on the north, being, according to survey, six chains north from the south line of said N. E. ¼ of S. E. ¼ of sec. 19, T. 72, R. 21 W., together with a steam mill, stock-pens, reservoir and other improvements thereon; that the premises as above described were shown and pointed out to him by defendant, who proposed to sell the same for $10,000; that a contract of purchase then and there was entered into by him with the defendant for said premises for and in the consideration of $10,000, which was paid by the plaintiff to the defendant, who made a deed of property to the plaintiff with the following description, which he, the defendant, claimed covered the property sold, namely: S. E. ¼ of the S. W. ¼ of sec. 31, T. 73, range 21, W.; also lot one in the N. E. ¼ of S. E. ¼ of sec. 19, T. 72, range 21 W., containing two acres, where the Chariton mills now stand, together with the appurtenances attached thereto; that plaintiff accepted this deed supposing that it included the property which he had purchased, but that he subsequently learned that it did not; that the ground on which the mill and improvements were situated was not embraced therein; that defendant had wholly

failed and neglected to convey by deed the land on which the mill and other improvements were situated, and that he has no title from the defendant for the same; and he further avers, in this state of case, that, in order "to indemnify himself and avoid greater damages," he was compelled to buy in said land, and the title thereto, from another party, namely, Coolbough & Brooks, who were the real owners and have the legal title of said land, and that he paid the sum of $1,000 therefor; and that, by this failure to perform the contract on the part of the defendant, he has suffered damage to the amount of $1,000, for which sum, with interest and costs, he asks judgment against said defendant.

To the complaint, as thus substantially set forth, the defendant demurs, insisting that the petition sets forth no cause of action, and for other causes, etc.

The court sustained the demurrer, from which the plaintiff appeals.

*Wilkinson & Trimble* for the appellant.

*Stewart & Bro.* for the appellee.

Lowe, Ch. J.—The demurrer admits the material facts set out in the plaintiff's petition. These, properly analyzed, do show that the plaintiff has suffered, and is

1. CONVEY-ANCE: breach of contract.

suffering, an injury from the misrepresentation of the defendant in the transaction referred to, or from the mistaken or careless acts of the defendant, for which he should have a remedy; if so, then he has a cause of action, either in a court of law or in a court of equity. If it is true the defendant sold to the plaintiff, for a large consideration, a flouring mill and other improvements thereunto belonging, and in making the conveyance deeded lands on which these improvements are not situated, by mistake or carelessness, the plaintiff is entitled

to have this mistake corrected, and at the same time to have awarded to him such compensation for the injury which he has sustained thereby, as shall be meet and just under the circumstances.

The plaintiff makes the deed which he received from the defendant an exhibit to the petition. It contains a recital that the said mill is on the premises therein conveyed. It is now alleged that, in fact, the lands therein described do not embrace the said mill. This deed contains all the usual covenants. This shows an intention on the part of the defendant to warrant the title to the mill. If the deed had embraced the mill, and plaintiff was obliged to clear off a valid pre-existing lien, or to buy in an outstanding paramount title, this covenant would give him a remedy over against the defendants for the proper amount. In equity, plaintiff's rights are the same as if he had received such a deed. If the title to the mill was in defendant, plaintiff's remedy would be in equity for a deed from the defendant, and when its jurisdiction once attached it would retain the cause for complete relief, and award such damages in the premises as should rightfully be established therein.

If the facts stated, show that the action should have been one in equity instead of law, or *vice versa*, the 2. PRACTICE: petition would not be demurrable on that mistake in proceeding. account. Nor would it be if the facts show a ground of action, but are imperfectly and vaguely stated. In this event a motion for a more specific statement is the appropriate remedy.

In view of the peculiar character of the petition in this case, its want of clearness, etc., we will remand the cause, with leave to the plaintiff to amend his pleadings, and to change his action into equity if he shall be so advised.

Reversed.