GRIBBEN v. HANSEN.

1. **Nuisance**: ABATEMENT AND DAMAGES: ACTION AT LAW OR IN EQUITY. An action for the abatement of a nuisance and for damages may be brought either at law, under § 3331 of the Code, or in equity, according to the procedure in vogue before that section was adopted; (See Code, § 2508; *Bushnell v. Robeson*, 62 Iowa, 540;) and where plaintiff elected to bring his action in equity, it was error for the court, on defendant's motion, to transfer it to the law docket, and compel plaintiff to try it as an ordinary action.

*Appeal from Clinton Circuit Court.*

MONDAY, JUNE 21.

THE parties are the owners of adjoining farms, the farm owned by plaintiff lying immediately north of that owned by defendant. There is a public highway running east and west between the two farms. This highway makes a right angle at the north-east corner of defendant's farm, and runs south, along his east line. Plaintiff's complaint is that defendant constructed a ditch in said highway, on the east side of his farm, which collected the surface water which before that flowed across the highway into defendant's farm from the land lying east of it, and conducted the same to a point near the south-east corner of his (plaintiff's) farm, where it flowed upon his land, rendering it unfit for cultivation, and destroying his crops; also that defendant broke down an embankment which he had constructed on the line between his farm and the east and west highway, for the purpose of causing the surface water which flowed across the highway from defendant's farm to flow into a defined channel or water-way, through which it was conducted across his premises. The relief demanded is the abatement of the nuisance caused by said ditch, the enjoining of defendant from interfering with said embankment, and damages for the injury caused by the acts complained of. Defendant answered that he was road supervisor at the time he did the act alleged, and that he constructed said ditch in his capacity

as such supervisor, for the purpose of draining the surface water from the highway, and rendering the same passable by the traveling public; and that said embankment was a nuisance, causing the water to stand upon the highway, and to flow back upon his premises, to his injury and damage; and that he broke the same down for the purpose of abating such nuisance. The action was brought in equity, but, on defendant's motion, it was transferred to the law calendar, and tried as an ordinary action. The verdict and judgment were for defendant, and plaintiff appealed.

*Cotton & Wolfe*, for appellant.

*Howat Bros.*, for appellee.

REED, J.—The only question which we deem it proper to consider, in the present attitude of the case, is as to the correctness of the action of the circuit court in transferring the cause to the law docket, and trying it as an ordinary action. It was held by this court in *Bushnell v. Robeson*, 62 Iowa, 540, that section 3331 of the Code, which provides that an action at law for the abatement of a nuisance and for damages may be maintained by any person who has been injured thereby, did not abrogate the equitable remedy existing before the enactment of that statute, but that the remedy which was administered by courts of equity in that class of cases before the adoption of the Code continued to exist, and that the right to prosecute the action in a court of equity was preserved by section 2508. This holding is conclusive of the question before us. Plaintiff had the election to prosecute his action either at law or in equity, and, having brought it in a court of equity, he had the right to have it tried in the manner prescribed by the statute for the trial of equitable actions.

The judgment will be reversed, and the cause remanded, with directions to the circuit court to set aside its order transferring the case in the law docket, and to permit the parties to try it as an equitable action.          REVERSED.