F. J. REIGER, Plaintiff, and ANGELINE REIGER, Intervener, Appellees, v. J. W. TURLEY, Appellant.

**Trial:** MISTAKE AS TO FORUM: TRANSFER OF CAUSES: WAIVER. The fact that a party is demanding equitable relief upon a claim which is properly cognizable in an action at law does not go to the jurisdiction of the court, nor does it afford ground for a demurrer to the pleading, but the error merely entails a transfer of the case to the proper docket; and failure to move a transfer of the cause is a waiver of the objection.

**Specific performance:** ALTERNATIVE RELIEF: EQUITABLE JURISDICTION. The equitable nature of an action for specific performance, in which defendant asked that his title be quieted against the plaintiff's claim, is not affected by an amendment to the petition asking as alternative relief in case specific performance is not decreed that a return of an advance payment be ordered; since, when equity has once acquired jurisdiction it will determine all material questions which are necessary to full and complete justice, even though it may be required in doing so to pass upon some matters ordinarily cognizable at law.

**Same:** CONDITIONAL RELIEF. Equity frequently attaches conditions to the relief granted, and if the same are reasonable and equitable they will be sustained, even though requiring some act or concession not enforceable as a matter of legal right  Thus, where the defendant in an action for specific performance asked affirmatively that his title be quieted against plaintiff, he could be required, as a condition incident to such relief, to return an advance payment made by the plaintiff.

**Same:** EQUITABLE RELIEF: GENERAL PRAYER. Under a prayer for general equitable relief the court may grant any relief which appears to be equitable upon the facts pleaded and proved even though such relief is not specifically demanded, and even though such relief be inconsistent with the specific relief prayed for.

**Same:** EQUITABLE RELIEF. It is no valid objection to the exercise of equitable jurisdiction that a party seeking specific performance asks alternatively that if such specific relief be denied he may still have a money judgment; especially where at no stage of the proceedings was there a motion to have the law issues transferred

to the law docket and tried to a jury separately from the issues of an equitable nature.

**Contracts:** RESCISSION. Rescission of a contract contemplates the restoration of both parties to their former status, and a return by each to the other of the consideration given and received.

**Same:** FORFEITURE. The law does not favor forfeitures and will not enforce them unless the right has been clearly contracted for, and when the party claiming the forfeiture has fulfilled all the conditions imposed upon him by the contract or by statute.

**Same.** Upon rescission of a contract by a vendor he must return an advance payment, unless the vendee has clearly lost or forfeited his right thereto.

**Appeal:** WAIVER OF RIGHT. In an action for specific performance of a land contract the vendor can not enforce that part of the decree quieting title in him on condition that he repay the vendee a portion of the purchase price received, and at the same time appeal from the order requiring such repayment.

*Appeal from Delaware District Court.*—HON. C. E. RANSIER, Judge.

FRIDAY, JUNE 9, 1911.

THE opinion states the case. *Affirmed.*

*E. E. Hasner,* for appellant.

*Yoran & Yoran* and *E. M. Carr,* for appellees.

WEAVER, J.—On September 10, 1907, the defendant, J. W. Turley, and the plaintiff, F. J. Reiger, entered into a written contract, by which defendant sold to said plaintiff a farm of one hundred and twenty acres at the agreed price of $9,700, to be paid $1,500 on the execution of the writing, $500 on March 1, 1908, and the remainder, or $7,700, on March 1, 1913; the deferred payments to be evidenced by promissory notes bearing interest at five percent, payable annually. Possession was to be given and the abstract

of title furnished on March 1, 1908. Time was declared to be the essence of the contract, and default in performance of any of its stipulations was to render the agreement void and to work a forfeiture of payments made. The installment of $1,500 was duly paid. In February, 1908, before any default had been made in the performance of the contract, plaintiff became apprehensive that he might not be able to meet the payment of $500 which was to fall due on the first of the following month, and so reported to the defendant. Thereupon, under date of February 25, 1908, a new writing was executed in the nature of a lease of the land from defendant to plaintiff for the period of one year, in consideration of which plaintiff undertook to pay all taxes and assessments accruing upon the property, together with a cash rental of $410, which it will be observed is the equivalent of five percent on the unpaid remainder of the selling price of the land as fixed in the first contract. Said writing also contained provisions as follows:

It is expressly agreed that the party of the second part shall make all repairs to the fences and other improvements that may be put upon said premises at his own expense. It is further agreed by and between the parties hereto that the party of the second part shall have the privilege at the end of the one-year term provided for in this lease and agreement of purchasing the above described premises for the agreed purchase price of eight thousand two hundred dollars, five hundred of the same to be paid in cash, and a first mortgage executed by second party for seven thousand seven hundred dollars, providing the rent herein agreed to be paid shall then be fully paid and the party of the first part hereby agrees to execute a warranty deed at the expiration of the said one-year term conveying said premises to the said party of the second part, or to such person as shall be named in writing by the party of the second part, upon the payment to first party of the said agreed purchase price of eight thousand two hundred dollars, together with all rents provided for in this lease. It is further agreed that in case the second party fails to pay the rent as herein provided within ten days after the

same becomes due, or fails to pay all taxes assessed against said premises before the same becomes delinquent, or fails to comply with any of the conditions of the lease and agreement on his part to be kept and performed, then and in any of such events this lease and agreement may at the option of the first party be terminated by giving thirty days' notice in writing to quit possession of said premises, and the first party shall upon the termination of such thirty days' notice be entitled to take immediate possession of said premises without process of law, using such force as may be necessary to put said parties in full possession and enjoyment of said premises, or at the option of said party of the first part it is expressly agreed that he may bring action of forcible entry and detainer for the possession of said premises, it being expressly understood and agreed that any failure in the respects mentioned on the part of the second party shall cause all his rights of every kind and nature in and to said premises to at once terminate. It is expressly agreed and understood that all prior agreements and understanding by and between the second party hereto and the first party hereto or their grantor shall be and are hereby expressly rescinded and canceled.

On March 1, 1909, the parties entered into another or third written agreement, in the form of a contract of lease of the same premises for the further period of one year, on substantially the same terms as were contained in the contract for the preceding year, except the omission of all reference to a contract or option for the purchase of the land. The stipulated rent and taxes were paid in full each year. On March 12, 1910, plaintiff instituted this action, setting up the original contract of purchase, and alleging that in February, 1908, and before any default in the performance of the contract on his part, he entered into an oral agreement with plaintiff for one year's extension of the time for payment of the installment of $500; that defendant, under false and fraudulent pretense that to give effect to such agreement for extension of time it was necessary to execute another writing, prepared and requested the plaintiff to sign the second instrument above

mentioned; and that plaintiff, being ignorant and inexperienced, and not understanding the legal effect of such writing, and believing it was the proper method or form for preserving his right under the extended contract of purchase, complied with defendant's request and signed it. He further alleges that at or before the end of said extended time for payment, the parties orally agreed upon a further extension of payment for the period of one year, and, being induced thereto on the like false and fraudulent representations made by defendant as on the former occasion, he signed the last written agreement, not knowing that it omitted all reference to said contract of purchase and not understanding that it operated in any manner to destroy his right to complete said purchase at the price originally stipulated. He further alleges that before the expiration of the time mentioned in the last written contract he tendered to defendant full payment of said installment of $500 and declared to defendant his ability and readiness to perform all the agreements and stipulations of said contract of purchase on his part; but defendant refused to accept the same and refused to make a deed of conveyance to plaintiff, stating and offering no reason or ground for such refusal except a demand that plaintiff make a payment of $1,500, instead of the sum of $500, as provided in the agreement. Upon this showing plaintiff prays a reformation of the two written agreements last made, demands a specific performance of the contract to convey, and a recovery of damages in the sum of $5,000, and such other and further relief as may appear to the court as just and equitable. To this petition the defendant answers admitting the making and execution of the several writings mentioned, and denying all allegations of fraud and wrong on his part. He further denies that said two writings last mentioned in any manner fail to express the true agreement between him and plaintiff. He admits that in December, 1909, plaintiff offered to make

or complete the purchase of the land for the sum mentioned in the original agreement, and that he refused to convey except for an increased price and upon new conditions; the former contract having, according to his contention, been wholly abandoned. He further alleges that plaintiff's action is not brought in good faith, and that he is wholly insolvent and is holding possession of said land without right after the expiration of his lease. In conclusion he prays that plaintiff's petition be dismissed, that his own title be quieted against the claims set forth in the petition, and that he have a mandatory writ for delivery to him of the possession of the premises in controversy.

After issue was thus joined, the wife of the plaintiff came into the case by petition of intervention, setting up homestead rights in the premises; but, as the disposition of this appeal in no manner depends upon the claim thus asserted, we shall give this feature of this case no further attention. After the close of the testimony, plaintiff was permitted, over defendant's objection, to amend his petition asking, in case he be denied a reformation of the written contracts, and the court in its discretion refuses to decree specific performance of the contract of purchase, that he then have judgment against the defendant for the return to him of the advance payment of $1,500 with interest. After hearing the evidence offered and the argument of counsel, the trial court entered its decree finding that plaintiff had not made a case for reformation of the written agreements, but held that the contract of purchase having been rescinded by the parties, defendant was not entitled to retain the advance payment of $1,500, and gave the plaintiff the option to take a money judgment for said sum with interest from the date of such rescission. Plaintiff having signified his election to take such judgment, the court further decreed that his prayer for specific performance be denied, and that he have no further right, title, or interest in the premises, and that defendant be

awarded a writ, as prayed, for the possession of the land. From this decree the defendant appeals.

I. It is first argued that the action having been brought in equity, and equitable relief being denied, the court was without authority or jurisdiction to render judgment for the return of the advance payment. This position we think is not tenable. The objection that a party is seeking a legal remedy under the form of an action in equity or is demanding equitable relief upon a claim which is properly cognizable in an action at law does not go to the jurisdiction of the court, nor does it afford good ground for demurrer to the pleading. Since in our practice the same court exercises both legal and equitable functions, a party stating facts constituting a good cause of action, but making a mistake as to the kind of relief sought, is not required to go through the useless form of a dismissal in order to get upon the right side of the calendar. In such cases the statute expressly provides that the error shall not work an abatement or dismissal of the action, but merely a transfer to the proper docket. Code Supp. 1907, section 3432; *Spelman v. Gill*, 75 Iowa, 717; *Ind. Dist. v. Ind. Dist.*, 41 Iowa, 321.

*1. Trial: mistake as to forum: transfer of causes: waiver.*

If a party desires to take advantage of any error in the form of action adopted, he must do so by motion to transfer, and failure to do so is a waiver of the objection. *Lewis v. Soule*, 52 Iowa, 11.

However, it is not necessary to appeal to this statute and well settled rule of practice to sustain the trial court in recognizing plaintiff's right to a money judgment. The plaintiff's primary or principal claim was for specific performance, an admittedly proper subject of equitable jurisdiction. The defendant resisted this claim, but, admitting there had been a contract for such conveyance, alleged that it had been abandoned by the parties, and by way of af-

*2. Specific performance: alternative relief: equitable jurisdiction.*

firmative relief asked that his title be quieted against
the alleged rights of the plaintiff and for writ of posses-
sion.    Here, it is clear, was the tender of an equitable
issue.    The amendment of the petition asking, as alterna-
tive relief, the return of the advance payment, in case
equitable relief be denied, did not change the nature of the
action.    Such demand for a money recovery is a very
frequent incident in equitable proceedings, and does not of
itself indicate that the action is pending in the wrong
forum, or that the plaintiff in asking it has abandoned his
claim for purely equitable relief.    All these matters of
controversy grew out of the same transaction.    Every fact
necessary to determine the rights of the parties has been
developed on the trial.    It is to the interest of all concerned
that multiplication of lawsuits be avoided, and, so far as
is rightfully possible, all controversies growing out of
any one transaction be settled and disposed of in one suit.

Hence has arisen the very general rule that when
equity has once obtained jurisdiction of a controversy, it
will determine all questions material or necessary to the
accomplishment of full and complete justice between the
parties, even though in doing so it may be required to
pass upon some matters ordinarily cognizable at law.
*Johnson v. Carter,* 143 Iowa, 100; *Clinton v. Shugart,* 126
Iowa, 188.

Again, the defendant asked and was granted affirma-
tive relief in the quieting of his title against the claims of
plaintiff and in providing for the enforcement of his right

3. SAME: condi-
tional relief.

of possession.    Courts of equity very fre-
quently attach conditions to the relief which
they grant to a party asking it, and, if those conditions
be reasonable and equitable, they are always sustained.    It
is in such cases that the courts often make practical ap-
plication of the maxim that he who would have equity
must be willing to do equity.    And it is not necessarily an
objection to such condition that it requires of the party

some act or concession which could not be enforced as a matter of legal right. *Morrison v. Hershire,* 32 Iowa, 271; Bispham's Equity, section 43; *De Walsh v. Braman,* 160 Ill. 415 (43 N. E. 597); 1 Pomeroy's Equity (3d Ed.), section 388.

Under the rules above adverted to, we have no doubt of the authority of the trial court to require the restoration of the advance payment made to the defendant, and this too without reference to the regularity of the amendment to the petition at the close of the trial.

Under the general prayer of the original petition, it was competent for the court to grant any relief which appeared to be equitable upon the facts pleaded and proved, even though such relief had not been specifically demanded. *Hoskins v. Rowe,* 61 Iowa, 180; *Graves v. Graves,* 3 Metc. (Ky.) 167; *Crumbaugh v. Smock,* 1 Blackf. (Ind.) 305; *Kelly v. McGuire,* 15 Ark. 555; *May v. Lewis,* 22 Ala. 646; *Hamill v. Thompson,* 3 Colo. 518; *Railroad Co. v. Spratt,* 12 Fla 26 (91 Am. Dec. 747); *Repplier v. Buck,* 5 B. Mon. (Ky.) 96; *Pond v. Works,* 50 Iowa, 605; *Hopkins v. Snedaker,* 71 Ill. 449.

4. SAME: equitable relief: general prayer.

It was doubtless within the discretion of the court to have refused leave to amend the petition, or to have refused to pass upon plaintiff's right to a return of the advance payment, and leave that claim to be fought out in another action. Under the prayer for general relief, it was equally within its discretion to retain jurisdiction of the proceedings for the complete adjudication of every right which was fairly involved in or dependent upon the issues tendered by the pleadings, even though such relief be inconsistent with the specific relief prayed for. *Bailey v. Burton,* 8 Wend. (N. Y.) 339; *Raper v. Sanders,* 21 Grat. (Va.) 60; *Franklin v. Greene,* 2 Allen (Mass.) 519; *Pearsall v. Kingsland,* 3 Edw. Ch. (N. Y.) 195;

*Wright v. McCormick,* 22 Iowa, 545; *Hoselton v. Dickinson,* 51 Iowa, 244.

In the last cited case the court said: "Having once obtained jurisdiction upon issue properly presented, the jurisdiction would be retained and the rights of the parties determined even though the relief ultimately granted should be a mere money judgment."

Nor is it a valid objection to the exercise of equitable jurisdiction that the party seeking relief prays alternatively that if such relief be denied he may yet have a money recovery. *Humphrey v. Ringler,* 94 Iowa, 185.

5. SAME: equitable relief.

At no stage of the proceedings was there any motion to transfer the issues, or any of them, to the law docket, or to have them, or any of them, set down for trial to a jury or as an issue of law separable from the issues of an equitable nature. The court did not therefore exceed its authority in assuming jurisdiction to make complete and final adjudication of the rights of the parties, both legal and equitable, so far as they were involved in the contracts in suit.

II. Assuming, therefore, the authority of the court to consider the entire transaction between these parties, we turn more directly to the merits of plaintiff's claim for recovery of the money advanced by him. There are two aspects in which this matter may be considered; one involving a rigid adherence to the letter of the three written instruments and settlements of the rights of the parties by a literal application of the terms there employed, and the other by reading them in the light of the proved or admitted extrinsic facts and circumstances accompanying and giving character and meaning to the writings. Defendant resists any reformation of the writings, claiming that they are in strict accordance with the understanding of the parties. He is therefore not in position to complain if the trial court took him

6. CONTRACTS: rescission.

at his word, and construed the agreement of February 25, 1908, to mean what it says when it says that the contract of purchase "is hereby rescinded and canceled."

Now rescission has a well-defined meaning in law, and includes the idea of restoration of both parties to their *status quo* and the return by each to the other of the consideration given and received. It follows of necessity that if the contract of February 25, 1908, is to be given the strict construction claimed for it by defendant, he became at once indebted to plaintiff for a return of the $1,500 which he had received upon the purchase so rescinded. The contract of March 1, 1909, construed with the same strict adherence to its literal terms, affords us no help whatever in this respect. It makes no reference of any kind to the contract of purchase or to the terms of the "lease," so called, of February 25, 1908, nor in any manner refers to prior relations or dealings between the parties.

The law abhors forfeitures, and will give them effect with reluctance, and only when the right thereto has been clearly contracted for, and where the party claiming it 7. SAME: for- has complied with all conditions imposed up- feiture. on him by the contract or by the statute. Contrary to the suggestion of counsel in argument, it does not appear even from defendant's own showing that plaintiff was ever in default upon his contract of purchase, or that he ever forfeited any right acquired by the contract of purchase. He made the advance payment of $1,500 as agreed. Before the next payment of $500 became due, and while he was yet in no manner in default, it is defendant's contention that the contract was rescinded and canceled by mutual agreement. If so, there remained in defendant not the slightest equity in the $1,500 in his hands. The new agreement, he says, was one of lease with an option to plaintiff to purchase the land during the year. The only consideration mentioned or suggested in that writing for the alleged option was the plaintiff's

undertaking to pay the rental of $410 and the accruing taxes. That the $1,500 in defendant's hands cut any figure in this later deal, or constituted any part of the consideration for such option, can not be shown from the writing.

If therefore, we rest the case, as appellant is disposed to do, solely upon the documentary evidence, the conclusion of the trial court that by the rescission of the contract

8. SAME.

appellant became bound to plaintiff to return the advance payment was correct, and we are not disposed to interfere with it. Were we to adopt the plan of interpreting these contracts by aid of the proved or conceded extrinsic facts, the plaintiff's equity is only emphasized. We shall not prolong this opinion for further discussion, except to say that *Findley v. Koch,* 126 Iowa, 131, and cases of its class, upon which appellant relies are not in point. The holding in the *Findley* case is that a purchaser of land, who by his own default loses his rights under the contract, can not, in an action for specific performance, have a recovery for the return of the earnest money paid by him. The plaintiff herein was not in default. The rescission, if one was had, was by mutual agreement and consent, while the parties still stood in equal right, and before plaintiff had lost or forfeited any of his contract rights. Defendant was both legally and equitably bound to restore to plaintiff the money received, and, as we have already noted, the court did not err in making such payment a condition of the decree quieting defendant's title against plaintiff's claims under the contract of purchase.

III. It appears that after the rendition of the decree in the district court the defendant ordered out execution or writ as provided in said decree for the removal of

9. APPEAL: waiver of right.

plaintiff from the land in controversy and installing defendant in the possession thereof, and that said writ has been duly served and executed, placing defendant in possession of said premises and pre-

sumably he has ever since retained the same. Upon a showing of these facts, appellee has filed a motion in this court for a dismissal of the appeal. As we are disposed to affirm the decree below upon the merits of the controversy, we do not undertake any review of the authorities cited to us upon this feature of the case and enter no formal ruling upon the motion. We are impressed, however, with the view that the decree quieting title in the defendant and awarding him a writ of possession is so blended or connected with the condition or provision which requires him to repay the money received by him on the proposed sale of the land, that he can not be permitted to enforce that part of the adjudication which is favorable to him, and at the same time prosecute an appeal from the remainder of the decree. *Anglo-American v. Bank,* 84 Iowa, 272; *Reichelt v. Seal,* 76 Iowa, 276; *Buena Vista v. Railroad Co.,* 55 Iowa, 157.

For the reasons stated in the foregoing opinion, the decree of the district court is *affirmed.*