### MOSHER v. BORDEN.

EXECUTION—LEVY—LIMITATION.

> Where a judgment was obtained on March 17, 1904, and on January 24, 1913, execution was levied on lands to satisfy the judgment, a bill to restrain the threatened sale on the ground that the judgment was outlawed was properly dismissed, since under section 12323, 3 Comp. Laws 1915, action might be commenced within ten years after the judgment was obtained, and under section 12899, 3 Comp. Laws 1915, the lien might be enforced any time within five years from the date of the levy.

Appeal from Ionia; Davis, J. Submitted January 23, 1918. (Docket No. 165.) Decided March 28, 1918.

Bill by Wallace E. Mosher and another against Page Borden, administrator of the estate of Henry N. Miller, deceased, and others, to restrain a sale of land on execution. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Hawley & Eldred,* for plaintiffs.

*John Nichol,* for defendant.

MOORE, J. This bill of complaint was filed for the purpose of setting aside a certain levy of execution upon real estate, and to restrain by injunction a sale of the premises in question under said levy. The plaintiffs are husband and wife. The plaintiff is the owner of 40 acres of land he claims is worth about $2,500, which is mortgaged in the sum of $1,100. The plaintiff claims homestead rights in said premises, and his wife also claims homestead and dower rights. The defendants claim the land is worth much more than $2,500. On the 17th day of March, A. D. 1904, a judgment was rendered in favor of John Galloway, as administrator, against Wallace E. Mosher in the sum of $292.38. On the 22d day of January, A. D. 1913, an execution was issued out of the circuit court upon said judgment, and upon the 24th day of January, 1913, said execution was levied on the lands described in the bill of complaint. No action was taken to enforce the levy until about two weeks prior to the filing of the bill of complaint, when the defendants began to threaten that they would sell the lands under said execution levy for the purpose of satisfying said judgment. To prevent such action and to remove the cloud of said execution levy upon the title of said premises this bill was filed. The defendants answered. A hearing was had and the bill of complaint was dismissed. The case is brought here by appeal.

We quote from the brief of appellant:

"Practically the sole question, therefore, involved in this case, is whether any proceedings can be instituted to sell lands upon execution levy, after the judgment, upon which such execution was issued, has become outlawed and barred by virtue of the statute of limitations. We insist that it cannot be done.

"Our statute of limitations is both a statute of pre-

sumption and a statute of repose. This court has uniformly held that a statute of limitations has a twofold purpose: (*a*) It raises a presumption of payment; (*b*) It is a statute of repose and takes away the remedy. *Jewett* v. *Petit*, 4 Mich. 508; *McKisson* v. *Davenport*, 83 Mich. 211, and cases cited."

Counsel also cite *Jerome* v. *Williams*, 13 Mich. 521; *People, ex rel. Parsons,* v. *Wayne Circuit Judge,* 37 Mich. 287; *George* v. *Middaugh*, 62 Mich. 549; *Ludeman* v. *Hirth*, 96 Mich. 17, and other authorities.

An examination of the authorities cited show that none of them, unless it is *Ludeman* v. *Hirth, supra,* which case we will consider later, is controlling. In *Jerome* v. *Williams, supra,* it was held that an execution could not issue, February 15, 1865, against a surety on a stay of execution on a judgment entered March 10, 1855, in justice's court, which judgment had been certified to the circuit court June 20, 1860. In *People, ex rel. Parsons,* v. *Wayne Circuit Judge, supra,* it was held that an execution could not issue upon which judgment is barred by lapse of time. In the course of the discussion it was said in part:

"The statute in force when the judgment was recovered did not name a time the lapse of which should be an absolute bar to suit upon a judgment, but it provided that the judgment should 'be presumed to be paid and satisfied at the expiration of ten years' after it was entered. 2 Comp. Laws 1857, § 5384. Another section of the statute provided for the issue of execution without any limitation of time, and that 'successive or *alias* executions may be issued one after another, upon the return of any execution unsatisfied in whole or in part, for the amount remaining unpaid upon any such judgment.' *Ibid.* § 4442 (2 How. Stat. § 7664). While these provisions remained unchanged there is reason for saying that an execution might be taken out notwithstanding the lapse of ten years, and that the court would not be justified in setting it aside without some showing of actual payment. In other words, that while the presumption of payment might

protect the defendant as against any suit upon the judgment until there was some showing that payment had not been made, yet that when the defendant invoked the assistance of the court in an affirmative proceeding instituted by himself, some showing of the fact of payment, which must be supposed within his knowledge, might properly be required of him. This statute, however, was changed in 1869."

We do not find the case cited by counsel as *George v. Middaugh*, 62 Mich. 549. In *McKisson* v. *Davenport*, 83 Mich., at p. 215, the court said in part:

"This court has repeatedly recognized the doctrine that while the statute of limitations is to be favorably regarded by the courts, as being one of repose as well as of presumption of payment, affording security against stale claims, yet injustice must not be done by an undue strictness of construction, nor the statute be defeated by such construction, but the legislative intent must be carried into effect. *Ten Eyck* v. *Wing*, 1 Mich. 40; *Jewett* v. *Petit*, 4 Mich. 508; *Jenny* v. *Perkins*, 17 Mich. 28; *Gorman* v. *Newaygo Circuit Judge*, 27 Mich. 138; *Palmer* v. *Palmer*, 36 Mich. 487; *Toll* v. *Wright*, 37 Mich. 93; *Proctor* v. *Bigelow*, 38 Mich. 282."

Counsel for appellants place great reliance upon the case of *Merchants Nat. Bank* v. *Braithwaite*, 7 N. D. 358. We think a few lines taken from the opinion will show the case is not controlling under our statutes. We quote:

"No action on a judgment can be brought after 10 years. Revised Codes, sections 5199, 5200. No execution can be issued after ten years. Section 5500. At the expiration of that period it ceases to be a lien on real estate. Section 5490."

It may be well to call attention to our statutes. 5 How. Stat. (2d Ed.) § 14158 (3 Comp. Laws 1915, § 12323), reads:

"When action upon judgment shall be brought: Every action upon a judgment or decree heretofore

rendered, or hereafter to be rendered, in a court of record of the United States, or of this State, or of any other State of the United States, shall be brought within ten years after the entry of the judgment or decree, and not afterwards: *Provided,* That in all cases of judgments, or decrees entered nine years or more before this act shall take effect, one year from the time when this act shall take effect shall be allowed for the commencement of an action or proceeding upon such judgment or decree, to revive the same: *Provided, further,* That no judgment or decree shall be revived, an action to recover or enforce which is now legally barred."

5 How. Stat. (2d Ed.) § 13015 (3 Comp. Laws 1915, § 12821), provides:

"Whenever an execution shall be issued against the property of any person, his goods and chattels, lands and tenements, levied upon by such execution, [it] shall be bound from the time of such levy."

Another section (4 How. Stat. [2d Ed.] § 11386, 3 Comp. Laws 1915, § 12898) in relation to the filing of the notice of levy in the office of the register of deeds, reads:

"Such levy shall be a lien thereon from the time when such levy shall be so deposited."

Section 11387, 4 How. Stat. (2d Ed.) (3 Comp. Laws 1915, § 12899), reads:

"That each and every levy by execution on real estate heretofore made shall cease to be a lien on such real estate at the expiration of five years from the time when this act shall become a law, unless such real estate be sooner sold thereon; and all liens by execution on real estate hereafter to be made shall become and be void at and after the expiration of five years from the making of such levy, unless such real estate be sooner sold thereon."

Effect should be given to each of these provisions if possible, but counsel for appellant urge that the last

quoted section of the statute does not refer to the judgment or in any wise extend its life nor provide that the lien of the levy may outlive the judgment. We quote from his brief:

"It does require the plaintiff under an execution levy to enforce such levy within five years. It does not permit him to wait until the very day that the judgment will be outlawed and barred and then permit him to make a levy of execution upon real estate thereby extending the life of his execution five years beyond the time when the judgment is outlawed. In other words it does not extend the life of the execution levy and lien for five years after the judgment itself is dead."

In *Ludeman* v. *Hirth*, 96 Mich. 17, a judgment was entered April 2, 1878, and execution issued and levy made on the same day. March 29, 1888, the land was advertised for sale; it was sold May 16, 1888, and a deed executed August 28, 1889. It was urged there as here, that when the statute had run against the judgment all subsequent proceedings must fail, but it was held that the deed was valid though the sale took place more than ten years after the rendition of the judgment.

A case quite in point is that of *Brown* v. *Hopkins*, 101 Wis. 498. Winslow, J., speaking for the court said in part:

"The question is whether an execution which is duly issued and partially executed by levying upon property within twenty years from the entry of a judgment expires at the end of the twenty year period, or whether it remains valid and effective so that the property so levied upon may be thereafter sold and applied to satisfy the command of the writ. Our statute provides (R. S. 1878, Sec. 4220) that a judgment of a court of record outlaws at the end of twenty years from the date of its rendition; and further (R. S. 1878, Sec. 2968), that 'in no case shall an execution be issued, or any proceedings had on any judgment, after twenty years from the time of the rendition thereof.'

It is very evident from this latter section that a valid execution may be issued at any time up to the last day of the twenty years; and the question is whether, when so issued it is rendered void by the limitation upon the judgment. Our statute requires no order of confirmation of the sheriff's sale, nor any other proceeding by the court, to perfect the purchaser's title. No further proceedings upon the judgment are contemplated or required by the statute. The sale of the property by the sheriff, and the payment or application of the proceeds, are simply the carrying out of the commands of his writ, which, when issued, was perfectly valid. If these acts can be called 'proceedings' at all, they are strictly proceedings upon the execution, and not upon the judgment. Any other construction would practically interdict the issuance of an execution to be levied upon real estate for nearly a year and a half prior to the expiration of the twenty-year limitation, because the sheriff must advertise the sale for six weeks, and the time of redemption (fifteen months) must be allowed to expire before the sheriff can make a deed to the purchaser. R. S. 1878, sec's. 2993, 3001, 3007, 3017. No such result was contemplated by the statute, nor do we think that the words of the statute require such a construction. Our conclusion is that the sheriff could complete the execution of his writ after the expiration of the twenty years, and hence that the execution and levy were wrongly set aside."

As the execution had been issued and the levy made during the lifetime of the judgment, the levy should not be set aside or the sale restrained.

The decree is affirmed, with costs.

OSTRANDER, C. J., and BIRD, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.