CLARK, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.

---

DODGE *v.* BARKER.

1. EXECUTION—LEVY MAY NOT BE ENFORCED BY CORPORATION UNDER JUDGMENT OBTAINED AFTER ITS DISSOLUTION.

Levy of execution under a renewal judgment may not be enforced in behalf of a corporation which had been dissolved before said judgment was rendered and execution thereon issued.[1]

2. SAME—THAT JUDGMENT OUTLAWED AFTER EXECUTION AND LEVY WILL NOT DEFEAT ITS ENFORCEMENT.

Under 3 Comp. Laws 1915, § 12899, proceedings to enforce a levy, brought within five years from the date thereof, will not be defeated by the fact that subsequent to making the levy the judgment became outlawed.[2]

3. SAME—SUBSEQUENT DISSOLUTION OF CORPORATION DOES NOT INVALIDATE LEVY.

Where a levy was legally made in behalf of a corporation before it was dissolved, the right of the levying officer to

---

[1]Corporations, 14*a* C. J. § 3830 (Anno); [2]Executions, 23 C. J. § 345.

On power of court to suspend or stay execution of sentence, see notes in 33 L. R. A. (N. S.) 112; 39 L. R. A. (N. S.) 242; 41 L. R. A. (N. S.) 1144; 42 L. R. A. (N. S.) 249.

proceed to enforce the levy is not affected by the subsequent dissolution of the corporation.[3]

4. SAME—THAT LEVY WAS MADE ON HOMESTEAD NOT GROUND FOR SETTING IT ASIDE.

The claim that property levied on is a homestead furnishes no valid reason for setting aside the levy, since the statute (3 Comp. Laws 1915, § 12816 *et seq.*) provides the proceedings for the debtor's protection under such circumstances.[4]

Appeal from Van Buren; Warner (Glenn E.), J. Submitted April 10, 1925. (Docket No. 49.) Decided July 16, 1925.

Bill by Thomas F. Dodge against Dwight C. Barker, sheriff of Van Buren county, and another to set aside certain levies under an execution. From a decree for plaintiff, defendant Barker appeals. Reversed, and bill dismissed.

*David Anderson,* for plaintiff.

*Thomas J. Cavanaugh,* for appellant.

McDONALD, C. J. This bill is filed to set aside two levies on property belonging to the plaintiff in the village of Lawton, Michigan. The Phœnix Basket Company, a Michigan corporation, secured a judgment against Thomas F. Dodge on the 5th day of February, 1900, in the circuit court for Van Buren county, Michigan, for $555.37 damages and $20.50 costs. This judgment was renewed on May 31, 1910, and again on April 22, 1921. On May 28, 1920, an execution was issued on the second judgment and levy was made on the property in question. On August 17, 1921, an execution was issued and levy made under the third judgment. No sale has yet been made under either of the levies. The purpose of this suit is to have

[3]Corporations, 14a C. J. § 3830 (Anno); [4]Homesteads, 29 C. J. § 449 (Anno).

these two levies set aside. The Phœnix Basket Company was organized on February 24, 1898, with a time limit of 20 years. The time limit expired February 24, 1918, and the three years additional time given by statute expired February 24, 1921. The bill is filed on the theory that the first levy made under the second judgment cannot be enforced because that judgment is now outlawed; that the levy made under the third judgment cannot be sustained because that judgment is void for certain jurisdictional reasons; that neither of the judgments and neither of the levies are of any validity because there was no such corporation as the Phœnix Basket Company at the time the judgments were rendered, or at the time the executions were issued. The plaintiff further alleged in his bill as a reason why the levy should not be maintained, that the property levied on was his homestead of a value not to exceed $1,500. Service of the summons was not made upon the Phœnix Basket Company because it could not be found within the bailiwick. The defendant Barker was served and filed his answer, in which he denied the allegations of the bill and insisted on his right to maintain the levies. On the hearing a decree was entered granting the relief prayed for. From this decree, the defendant Barker has appealed.

The circuit judge rightly held that the levy of execution under the third judgment could not be enforced because when that judgment was rendered and when the execution thereon was issued the corporation had been dissolved. The testimony as to this fact is undisputed.

As to the levy of execution under the second judgment the court held that it could not be enforced because that judgment was outlawed. In so holding the court was wrong. It is true that the judgment was outlawed but the execution was issued and levy

was made before it became outlawed.    The levy was made May 28, 1920, and the defendant had five years from that date in which to enforce it.    In *Mosher* v. *Borden*, 201 Mich. 106, this question was fully discussed and the court said:

"As the execution had been issued and a levy made within the lifetime of the judgment the levy should not be set aside or the sale restrained."

Nor is the right of the defendant to maintain the levy affected by the dissolution of the corporation. As it was made before the corporation was dissolved, the levying officer has a right to proceed as though the dissolution had not occurred.    7 R. C. L. pp. 736, 737.

The claim that the property levied on is the homestead of the plaintiff, if true, furnishes no valid reason for setting aside the levy.    The statute provides what proceedings shall be taken for the debtor's protection under such circumstances.    Judicature act, chap. 23 (3 Comp. Laws 1915, § 12816 *et seq.*).

The decree of the circuit court is reversed, with costs to the defendant.    A decree dismissing the bill will be entered.

CLARK, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.