LAURA M. GEPHARDT, Appellee, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

No. 41000.

NOVEMBER 17, 1931.

Cook & Balluff, for appellant.

Bush & Bush, for appellee.

ALBERT, J.—Plaintiff was the holder of an accident insurance policy issued by the defendant company. She alleges that on or about the 6th day of December, 1927, she suffered bodily injuries which were within the terms of and protected by the policy. She alleges due proof of loss and that the company paid her $40 per week up to the 28th day of October, 1929, at which date the payments ceased and defendant refused to pay further under the policy.

Under the terms of the policy plaintiff claims a total disability and that the company agreed to pay therefor ''during the period of such total and continuous disability and within 200 weeks from the date of the accident.'' She alleges that this total disability still continues and will continue for a long time in the future, the precise length and continuance of which she is unable to state. She then alleges that ''the plaintiff has no adequate remedy at law because in order to enforce said policy at law it would be necessary for her to commence a multiplicity of suits to recover the weekly installments payable thereunder,'' and she prays judgment against the defendant for the sum of $40 a week from the 28th day of October, 1929. She asks for specific performance of said policy requiring the defendant to continue to make payments at $40 per week thereunder so long as her total disability continues, and for general equitable relief.

The ruling of the court in refusing to transfer this case to the law calendar is the question presented to us. By reference to the above-quoted paragraph of plaintiff's petition, it will be noted that the reason given as to why there is no adequate remedy at law is that it would be necessary for her to commence a multiplicity of suits to recover the weekly installments payable under the policy. The question therefore for decision is single, to wit: whether, under the allegations of this petition, the doctrine as to multiplicity of suits has application and is sufficient to hold this case in equity. Briefly stated, the plaintiff's petition being founded on a written contract providing for weekly payments of $40, she says that certain of the payments thereunder are unpaid and she asks judgment therefor.

This is, of course, so far purely a law action. The plaintiff, however, alleges that the disability for which she is entitled to recover will continue for a long time in the future, the precise

length and continuance of which she is unable to state. Is this a sufficient foundation to hold this case in equity on the theory that the decree now entered will prevent a multiplicity of suits? We are of the opinion that it is not. Under the terms of the policy, the total disability claimed must continue through each week in order to make anything due at the end of the week, and at any time the disability ceases, the liability under the policy ceases. The plaintiff seeks to anticipate what will occur in the future as to her condition, and to determine that if certain conditions do arise, certain rights will follow; and she assumes that such condition as now exists will continue in the future, in order to make good her claims as to a multiplicity of suits.

It seems to be quite well settled that where a cause of action is founded in equity, the fact that a demand for judgment is also included in the prayer does not warrant a transfer of the case to the law docket. McAnulty v. Peisen, 208 Iowa 625; Reiger v. Turley, 151 Iowa 491; Johnson v. Carter, 143 Iowa 95; Clinton v. Shugart, 126 Iowa 179. It is equally well settled that where the plaintiff has an election between bringing an action at law or in equity, and he brings it in equity, it will not be transferred to law. Gribben v. Hansen, 69 Iowa 255; Bushnell v. Robeson & Co., 62 Iowa 540.

It is also well settled that where courts at law and in chancery have concurrent jurisdiction, the plaintiff may prosecute his action by equitable proceedings. Code section 10941, Code, 1927; Toledo Savings Bank v. Johnston, 94 Iowa 212. It is also equally well settled that where equity has and takes jurisdiction, it will afford a complete remedy. Reiger v. Turley, 151 Iowa 491; McAnulty v. Peisen, 208 Iowa 625.

All of these cases, however, are bottomed on the proposition that a cause in equity exists: that is to say, if the plaintiff has an election between law and equity, and cognate thereto, if a law and equity court have concurrent jurisdiction, these rules apply. The question therefore is whether or not they have any application to the situation before us. In other words, has plaintiff such a cause of action as, under the first rule, she had a right to bring either at law or in equity, or, as stated, a cause of action in which the law and equity court have concurrent jurisdiction? Summarized, the plaintiff's cause of action is that the defendant owes her a certain amount now due on a written con-

tract for alleged total and continuous disability. She says that this total disability will continue for an indefinite time in the future, and wishes a decree that if the total disabilities do so continue, the defendant shall continue weekly payments.

We do not think this states a cause of action in equity. In other words, if there were nothing due on the contract at the time the plaintiff sued, and all the other allegations of this petition were admitted to be true, it does not state a cause of action in equity.

Further than this, when the plaintiff (if she does) obtains a judgment for the amount alleged to be due at the time this action was commenced, there are no allegations showing that if the total disability continues, she will be required, every time a weekly payment becomes due, to bring an action thereon, hence creating a condition requiring a multiplicity of suits.

In discussing the question of transfer from equity to law, where no equity is alleged, in the case of Richmond v. Dubuque & Sioux City Ry. Co., 33 Iowa 422, at page 488, we said:

"We have never heard it claimed that equity will entertain an action upon a contract requiring the payment of money daily, monthly or yearly. Yet in such a case an action would accrue at each of such periods, and there would thus be, prospectively, a great multiplicity of actions. In the case before us, admitting the contract to be divisible, and that an action may be maintained upon every breach, this is no ground for interference by a court of chancery."

See also Faville v. Lloyd, 140 Iowa 501.

Again, the court would be required, in effect, to give a declaratory judgment or decree, bottomed upon what might happen in the future. This court has consistently refused so to do. See Des Moines City R. Co. v. Amalgamated Association of Street & Electric Employees of America, 204 Iowa 1195.

We reach the conclusion that the allegations of the plaintiff's petition do not bring her within the rule whereby she has an election between bringing her action at law or equity, or within the rule where, if the jurisdiction is concurrent, she may

358

proceed in equity. The district court should have sustained this motion and transferred this case to law.—Reversed.

FAVILLE, C. J., and STEVENS, DE GRAFF and WAGNER, JJ., concur.