EMERSON DEATON et al., Plaintiffs, Appellees, v. GLENN W. HOLLINGSHEAD, Defendant, Appellant, ARLENE DEATON HARDY, Intervener, Appellant.

No. 44420.

November 22, 1938.

Rehearing Denied March 10, 1939.

Edwin J. Frisk, F. T. Van Liew, for plaintiffs, appellees.

Johnston & Shinn, Howard L. Bump, for defendant, appellant.

C. I. Spencer, for intervener, appellant.

STIGER, J.—This action calls for a construction of Code sections 11033-e1, 11033-e3 and 11033-g2 found in chapter 487-E1 which chapter provides a special limitation on certain judgments. Said sections read as follows:

"11033-e1. Execution on certain judgments prohibited. From and after January 1, 1934, no judgment in an action for the foreclosure of a real estate mortgage or deed of trust * * * shall be enforced and no execution issued thereon and no force or vitality given thereto for any purpose other than as a set-off or counterclaim after the expiration of a period of two years from the entry thereof."

"11033-e3. Conflicting acts repealed. All acts, or parts of acts, and all provisions of the code, or of any section or part of a section thereof, in conflict with this act (45 GA, ch 178) are hereby repealed."

"11033-g2. Former judgments without foreclosure. Judgments heretofore rendered or in actions now pending upon promissory obligations secured by mortgage or deed of trust of real estate, and upon which judgments or actions now pending the holder thereof brought suit direct upon the said promissory obligation without a foreclosure against said security, shall have no force or vitality for any purpose other than a set-off or counterclaim from and after the expiration of two years from the passage of this act (46 GA, ch 108) and no execution shall be issued thereon."

In 1930, E. T. Hollingshead commenced an action against the plaintiffs in this suit to foreclose a second mortgage on real estate situated in Marion County. The action was brought in equity and the petition prayed for a personal judgment against the defendants, for a decree of foreclosure, and for the appointment of a receiver. The original notice embodied the prayer of the petition. On January 19, 1935, plaintiff, in the foreclosure action, took a judgment only for the amount due on the mortgage. No decree of foreclosure was taken. This judgment was transcripted to Polk County, and on December 21, 1936, a general execution was issued and levy made on real estate situated in Polk County described as lots 1 and 2 in Block 6 of Porter's replat, said Porter's replat being an official plat of Lot 8 in Block "G", Lot 5 in Block "H", Lots 1, 2, 3, 4, and 5 in Block "I", and all of Block "J" of Thomas Heights, now included in and forming a part of the Incorporated Town of South Fort Des Moines, Iowa.

On March 26, 1937, over two years after the entry of the judgment, the sheriff of Polk County sold the property at execution sale to Glenn W. Hollingshead, defendant, who had purchased the judgment.

On May 1, 1937, plaintiffs (defendants in the foreclosure action) brought this suit against the defendant Glenn W. Hollingshead to set aside the execution sale and quiet title to the Polk County real estate on the ground that under the provisions of section 11033-e1 the judgment procured in the foreclosure suit expired on and had no force or effect after January 19, 1937, which date was two years after the entry of the judgment, and the execution, issued on December 21, 1936, had no

validity after the expiration of the judgment, and the subsequent notice of sale and sale were void.

Defendant claimed the sale was valid though held after the judgment was barred by the statute and asked that the title to real estate be quieted in him. The trial court found that the judgment and execution were without force or vitality after January 19, 1937, that the execution sale was null and void and that defendant acquired no interest in the property under the sale and quieted title in the plaintiffs against defendant and the intervener.

The judgment was entered January 19, 1935; the execution issued and levy was made December 21, 1936, and the sale was had March 26, 1937, over two years from the entry of the judgment.

The first question to be determined is whether the money judgment rendered in the foreclosure suit comes within the provisions of section 11033-g2 or 11033-e1.

The contention of plaintiffs is that the money judgment was obtained after January 1, 1934, "in an action for the foreclosure of a real estate mortgage" and is subject to the special limitation on judgments prescribed by section 11033-e1. Defendant takes a different view of this judgment, claiming that the plaintiff in the equity suit abandoned the foreclosure by taking a money judgment and thus brought the judgment rendered within the purview of section 11033-g2, which provides a special limitation on judgments upon promissory notes secured by mortgage or trust deed on real estate which were obtained in a "suit direct upon the said promissory obligation without a foreclosure against said security". If defendant is right in this contention the execution sale had on March 26, 1937, would be clearly valid because this section fixes the limitation on the judgment as two years from the passage of the act which became effective by publication May 3, 1935.

We agree with plaintiffs. Code section 12372 provides that a mortgage of real estate shall be foreclosed by equitable proceedings. Plaintiff in the foreclosure suit selected the equity forum for the adjudication of his rights and prayed not only for a money judgment but also for foreclosure of the mortgage and appointment of a receiver. The court of equity had jurisdiction of the controversy and parties, and the action having been properly brought in equity, all issues, legal and equitable,

are triable therein and the court will determine the entire controversy.

■ Law issues in a suit properly brought in equity are not transferable to the law calendar. Reiger v. Turley, 151 Iowa 491, 131 N. W. 866; Gephardt v. Metropolitan Life Insurance Company, 213 Iowa 354, 239 N. W. 235; Pace v. Mason, 206 Iowa 794, 221 N. W. 455.

■ The equity court had jurisdiction to enter the money judgment and the plaintiff, by waiving a decree in foreclosure, did not transform the equity action to a suit at law brought "direct upon the promissory obligation without a foreclosure against said security".

Section 11033-e1, enacted by the 45th General Assembly, plainly refers to judgments obtained in an action for the foreclosure of a real estate mortgage.

The judgment in question, being entered in an action for the foreclosure of a real estate mortgage, is governed by the special limitation found in section 11033-e1.

The defendant submits the further proposition that tho section 11033-e1 is applicable to the judgment, the execution sale held after two years from the date of entry of the judgment is valid because the execution was issued and levy made prior to the expiration of the two year period, and the execution being issued while the judgment was in full force and effect, all further proceedings were valid although prior to the time of sale the judgment was of no force and effect because barred by the special two year limitation.

The question is, was the sale valid though not held within two years from the date of the judgment, the execution having been issued and levy made prior to the time the judgment was barred by the statute?

Section 11033-e1 provides that the judgment shall not be enforced, and no force or vitality given thereto for any purpose, other than off-set or counterclaim, after the expiration of two years from the entry thereof. The statute does not state that the *execution* issued thereon shall have no force or vitality after the two year period. It does provide that no execution shall be *issued* on the judgment after the period.

Code section 11648 states that judgments or orders requiring the payment of money are to be enforced by execution. Section 11649 provides that "executions may issue at any time

before the judgment is barred by the statute of limitations''. Section 11007, our general statute of limitations of actions, reads:

"11007. Period of. Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared: * * *

"7. Judgments of courts of record. Those founded on a judgment of a court of record, whether of this or of any other of the United States, or of the federal courts of the United States, within twenty years.''

Section 11649 states without qualification that an execution may be *issued* at any time before the judgment is barred by the statute of limitations. We do not find that this court has directly passed on the question of the validity of an execution sale made after the judgment is barred by the statute.

In the case of James v. Weisman, 161 Iowa 488, 143 N. W. 428, the court states on page 493 of 161 Iowa, page 429 of 143 N. W.:

"The right to issue an execution exists as long as the judgment remains unsatisfied, and not barred by the statute of limitations. But the lien of the judgment expires within ten years. The judgment lien is statutory, and expires with the statutory limitations upon its life, to wit, ten years. The judgment continues alive until barred by the statute. Section 3447, subd. 8.

"Generally the right to issue an execution and levy upon real estate exists as long as the judgment remains unpaid and unbarred. But, after the statutory lien has been lost by the ten years, the levy of an execution creates a lien only from the date of the levy, and no lien exists after ten years on real estate until an execution issues, and a levy is made, and then only upon the real estate upon which the levy is made.''

See Hawkeye Insurance Company v. Maxwell, 119 Iowa 672, 94 N. W. 207.

While these cases are not conclusive on the question before us because the sales under execution were not held after the judgment was barred, they quite apparently give a literal construction of the statute by holding that an execution may issue as long as the judgment is unbarred and unpaid.

In the instant case the execution was issued and levy made

while the judgment was in full force and effect and consequently the execution when issued and the levy when made were valid. They obtained their validity from the unbarred judgment, and we are of the opinion that, being valid, they had a legal life independent of the judgment and did not die with the judgment that gave it life.

The proceedings subsequent to the sale of the judgment, that is, the notice of sale and sale, were proceedings not on the judgment but under a valid execution. We conclude that the sale was valid and that the defendant, holder of the certificate of sale, is entitled to a sheriff's deed. We think this conclusion is in harmony with the express wording of section 11649 and with section 11033-e1. This latter section states that no execution shall be issued *after* the expiration of the two year period. Under this section, a valid execution could be issued the day previous to the expiration of the two year period because it would be based on a judgment in full force and effect and a subsequent execution sale would be valid.

Plaintiffs stress the statement in section 11033-e1 that no judgment "shall be enforced * * * and no force or vitality given thereto for any purpose" after two years from the entry of the judgment. This phrase means that after two years, no action could be brought on the judgment; no execution could issue thereon; the judgment would not be a lien; no proceedings to *enforce* the judgment could be commenced by the issuance of an execution; and, generally, the *judgment* would be without force or effect. However, the statute, section 11648, required the judgment to be enforced by execution, and, after a valid execution is issued, the proceedings are under the execution.

Section 11649 states that an execution may issue at any time before the judgment is barred by the statute of limitations. Section 11033-e1 provides that no execution shall be issued after the expiration of two years from the entry of the judgment. We cannot distort the clear meaning of these statutes by construing them to require the execution to issue for a period prior to the expiration of the statutes of limitations as will permit all proceedings under the execution to be completed prior to the expiration of the period. The Legislature did not intend to compel the judgment creditor to realize the benefit of his execution and fruits of his judgment within two years.

974

■ A judgment is enforced by execution proceedings. We hold that if these proceedings are instituted by the issuance of an execution, and levy is made during the lifetime of the judgment, a sale under such proceedings, though had after the judgment is barred by the statute of limitations, is valid.

The following cases in other jurisdictions, having statutes providing that no execution can issue after a certain number of years after the entry of the judgment, support the conclusion we have reached: Brown v. Hopkins, 101 Wis. 498, 77 N. W. 899, 1118; Mosher v. Borden, 201 Mich. 106, 166 N. W. 972; Ludeman v. Hirth, 96 Mich. 17, 55 N. W. 449, 35 Am. St. Rep. 588; Dodge v. Barker, 231 Mich. 577, 204 N. W. 802; Wayland v. Kansas City, 321 Mo. 654, 12 S. W. 2d 438.

With reference to the claim that when the Legislature said an execution could issue within any time after 10 years after the rendition of the judgment it did not mean 10 years for the issuance of the execution but meant 10 years as the limit within which an execution creditor must realize the benefit from such execution, the court, in the case of Wayland v. Kansas City, supra, states [page 441]:

"No such meaning can properly be gleaned from the language of section 1564. [Section 1564 R. S. (1919) provides that executions may issue upon a judgment at any time within 10 years after the rendition of such judgment.] When the Legislature said that an execution could issue at any time within ten years after the rendition of the judgment, it meant that an execution, with all subsequent proceedings usually attending thereon, could issue on the last day of the 10-year period, and be just as effective in respect to property seized under its levy as if such execution had issued immediately after the rendition of the judgment. As we construe section 1564, the validity of a sale under the levy of an execution is not determined by the date of such sale, but by the date of the issuance of the execution under which such sale is had, provided such execution is valid in other respects."

In the case of Dodge v. Barker, supra, the court states [page 803]:

"As to the levy of execution under the second judgment the court held that it could not be enforced, because that judg-

ment was outlawed. In so holding the court was wrong. It is true that the judgment was outlawed, but the execution was issued and levy was made before it became outlawed. The levy was made May 28, 1920, and the defendant had five years from that date in which to enforce it.

"In Mosher v. Borden, 201 Mich. 106, 166 N. W. 972, this question was fully discussed, and the court said: 'As the execution had been issued and the levy made during the lifetime of the judgment, the levy should not be set aside or the sale restrained.' "

Plaintiff cites 23 C. J. 497, par. 345; Bagley v. Ward, 37 Cal. 121, 99 Am. Dec. 256; Isaac v. Swift, 10 Cal. 71, 70 Am. Dec. 698. These authorities hold that an execution does not extend the lien of a judgment and to preserve the priority acquired by the judgment lien, sale must be made during the period of the lien. The question of priority or expiration of the lien of a judgment is not involved in this case and the cited cases do not aid in the solution of the problem presented.

The intervener appellant, Arlene Deaton Hardy, did not file a brief and argument and her appeal is not reviewable.

In the case of Aetna State Bank v. Fremmer, 213 Iowa 339, 239 N. W. 234, the court states:

"The decree appealed from is presumed to be correct. It is not for the court to assume the functions of counsel and search the record for errors. By failing to file brief and argument the appellant is presumed to have abandoned his appeal. Raynor v. Raynor, 77 Iowa 282, 42 N. W. 184; DeVore v. Adams, 68 Iowa 385, 27 N. W. 267."

The record shows that the title to the real estate should be established and confirmed in the defendant Glenn W. Hollingshead against all claims of the plaintiffs and intervener. The trial court is directed to enter a judgment and decree for defendant in harmony with this opinion.—Reversed on defendant's appeal; affirmed on intervener's appeal.

Sager, C. J., and Anderson, Hamilton, Donegan, Kintzinger, and Miller, JJ., concur.